2-1-01
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES E. BROWN,                    :   CIVIL ACTION NO. 1:CV-00-1224
                                     :
        Plaintiff                    :
                                     :
    v.                               :
                                     :   (Judge Rambo)
COUNTY OF SCHUYLKILL, ET AL.,        :
                                     :
        Defendants                   :

O R D E R

FILED
HARRISBURG, PA
FEB 01 2001
MARY E. D'ANDREA, CLERK
Per_____
    Deputy Clerk

**Background**

Charles E. Brown, an inmate currently confined at the State Correctional Institution, Camp Hill, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is Brown's motion for appointment of counsel (Doc. 11). Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

In Tabron, a case filed by a prisoner pursuant to 42 U.S.C. § 1983 asserting a failure on the part of prison officials to protect him from assault by another prisoner, the Court of Appeals for the Third Circuit, in part, vacated the denial of the plaintiff's request for the appointment of counsel and remanded

for reconsideration of that request in accordance with the terms of its decision. In reaching its decision, the Tabron court announced the factors to be considered by a district court in deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case.

Initially, the Tabron court noted that "... the district court must consider as a threshold matter the merits of the plaintiff's claim." Tabron, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." Id. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." Id. at 156.

Further, under Tabron, the district court's decision whether to appoint counsel should be "informed" by a consideration of the following additional factors: the "difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether

2

the litigant is capable of retaining counsel on his or her own behalf. <u>Id.</u> at 156, 157 n.5. Moreover, the <u>Tabron</u> court held that the "... appointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court <u>sua sponte</u>." <u>Id.</u> at 156.

Finally, the <u>Tabron</u> court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," <u>id.</u> at 157 n.7, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments. <u>Id</u>. at 157:

> We also emphasize that volunteer lawyer time is extremely valuable. Hence district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: 'Volunteer lawyer time is a precious commodity... . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste. <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 172 (2d Cir. 1989).'

Applying the relevant <u>Tabron</u> factors to Brown's motion, the court is of the view that the appointment of counsel is not warranted at this time. While it appears Brown's claims may have arguable merit, in the pleadings to date, he has demonstrated that he has some understanding of the law and is capable of

3

adequately representing himself and presenting comprehensible arguments in support of his position. Further, the legal issues are relatively uncomplicated, and the court can not say, at least at this point, that he will suffer substantial prejudice if he is forced to prosecute this case on his own. Finally, Brown's apparent ability to present his case is aided by my liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), which in combination militate against the appointment of counsel.

Therefore, the motion for the appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by Brown.

ACCORDINGLY, the motion for the appointment of counsel (Doc. 11) is **DENIED**.

SYLVIA H. RAMBO
United States District Judge

Dated: ~~January~~ February 1, 2001.

SR:dlb

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 1, 2001

Re:  1:00-cv-01224    Brown v. County of Schuylkill

True and correct copies of the attached were mailed by the clerk to the following:

Charles E. Brown
SCI-CH
EJ6142
P.O. Box 200
Camp Hill, PA  17001

cc:
Judge                          (X)        (X) Pro Se Law Clerk
Magistrate Judge               ( )        ( ) INS
U.S. Marshal                   ( )        ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen   ( )   PA Atty Gen ( )
                                        DA of County  ( )   Respondents ( )

Bankruptcy Court               ( )
Other_____       ( )

MARY E. D'ANDREA, Clerk

DATE: February 1st, 2001                     BY: /s/ Mark [signature]
                                                 Deputy Clerk