FILED
SCRANTON
MAR 1 2 2001
PER _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES E. BROWN,                     :     Civil Action No. 1:CV-00-1224

        Plaintiff             :

vs.                                    :

COUNTY OF SCHUYLKILL,                  :
SCHUYLKILL COUNTY PRISON
BOARD MEMBERS,                         :
SCHUYLKILL COUNTY PRISON
GERALD BRITTON,                        :
FORREST L. SHADLE,
JEROME P. KNOWLES,                     :
STANLEY TOBASH,
EUGENE BERDANIER,                      :
ANTHONY KANKOWSKI,
DAVID J. KURTZ,                        :
and WILLIAM BALDWIN,
                                       :
        Defendants            :

### _MOTION OF DEFENDANTS, COUNTY OF SCHUYLKILL, et al.,_
### _TO DISMISS THE COMPLAINT PURSUANT TO F.R. CIV. P. 12(b)(6),_
### _MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO_
### _F. R. CIV. P. RULE 12(e) OR, IN THE ALTERNATIVE,_
### _FOR SUMMARY JUDGMENT_

Defendants, County of Schuylkill, et al., move to dismiss the Complaint pursuant
to F. R. Civ. P. 12(b)(6), for a more definitive statement pursuant to F. R. Civ. P. 12(e)
or, in the alternative, for summary judgment and respectfully represents:

    1.    Charles E. Brown, a prisoner, intermittently incarcerated in the Schuylkill
County Prison, has filed the instant Complaint under the Civil Rights Act, 42 U.S.C.
§ 1983, naming as defendants, Defendants, County of Schuylkill, Schuylkill County
Prison Board Members, Schuylkill County Prison, Gerald Britton, William E. Baldwin,
Forrest L. Shadle, Jerome P. Knowles, Stanley Tobash, Eugene Berdanier, Anthony
Kankowski and David J. Kurtz.

2.    The Complaint is incomplete in that it fails to set forth prior lawsuits against the Prison and Prison Officials, in which Charles E. Brown was a plaintiff and Part II of the Complaint incorrectly states that a grievance procedure is not available at the Prison.

3.    Part IV of the Complaint fails to set forth any time frame whatever within which plaintiff was incarcerated in the Schuylkill County Prison, was incarcerated in the disciplinary unit (E-block) of the Schuylkill County Prison or the date plaintiff was allegedly subject to the prison conditions referenced in the Complaint. In fact, the dates are specifically left blank by the drafter and the Complaint fails to provides facts necessary to determine whether threshold defenses exists, specifically including the Statute of Limitations and non-involvement. Specifically, Gerald Britton, current warden, did not assume office until July 25, 1999. David J. Kurtz, former Warden of the Schuylkill County Prison, served in that capacity until his resignation on April 9, 1999. Anthony Kankowski resigned on February 7, 2000, and Stanley Tobash, County Commissioner, did not assume office until January 3, 2000.

4.    Plaintiff was transferred to the Pennsylvania State Correctional System on August 15, 2000, and, accordingly, all claims for declaratory, injunctive, and mandatory relief, are moot.

5.    The Complaint fails to state a claim upon which relief may be granted in that the Complaint fails to allege any specific personal injury and seeks monetary compensation for mental anguish and stress. Thus, the Complaint fails to state a claim upon which relief may be granted under the 1996 Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) providing that no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury. No physical injury is alleged.

6.    The Complaint fails to state a claim upon which relief may be granted as to the municipal defendants, including the County of Schuylkill, and Schuylkill County Prison Board Members, specifically, Forrest Shadle, Jerome P. Knowles and Stanley Tobash, County Commissioners, and the Honorable William E. Baldwin, President Judge, by reason of the failure to allege or designate any governmental policy or custom and fails to allege that any municipal policy or custom caused a constitutional deprivation.

7.    The Complaint fails to state a claim upon which relief may be granted as to David J. Kurtz, Warden, as to any alleged prison condition or constitutional deprivation which allegedly occurred subsequent to his resignation on April 9, 1999.

8.    The Complaint fails to state a claim upon which relief may be granted as to Gerald Britton as to any alleged prison condition or constitutional deprivation which occurred prior to his appointment on July 25, 1999.

9.    The Complaint fails to allege any knowledge or notice of the alleged constitutional deprivation by any of the individual defendants.

10.    Plaintiff failed to exhaust administrative remedies in the nature of a grievance procedure available to him.

**WHEREFORE**, defendants, County of Schuylkill, et al., move to dismiss the Complaint pursuant to F. R. Civ. P. 12(b)(6), for a more definitive statement pursuant to F. R. Civ. P. 12(e) or, in the alternative, for summary judgment.

ZIMMERMAN, LIEBERMAN & DERENZO, LLP

By:_____

Frank L. Tamulonis, Jr., Esquire
Attorney I.D. No. 20808
Attorneys for Defendants,
County of Schuylkill, et al.
111 East Market Street
P.O. Box 238
Pottsville, PA 17901
(570) 622-1988

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES E. BROWN,                          :     Civil Action No. 1:CV-00-1224

          Plaintiff                        :

     vs.                                    :

                                            :
COUNTY OF SCHUYLKILL,                       :
SCHUYLKILL COUNTY PRISON                    :
BOARD MEMBERS,                              :
SCHUYLKILL COUNTY PRISON                    :
GERALD BRITTON,                             :
FORREST L. SHADLE,                          :
JEROME P. KNOWLES,                          :
STANLEY TOBASH,                             :
EUGENE BERDANIER,                           :
ANTHONY KANKOWSKI,                          :
DAVID J. KURTZ,                             :
and WILLIAM BALDWIN,                        :

                                            :
          Defendants                        :

_MEMORANDUM OF LAW IN SUPPORT OF_
_MOTION OF DEFENDANTS, COUNTY OF SCHUYLKILL, et al.,_
_PURSUANT TO F.R. CIV. P. 12(b)(6), TO DISMISS THE COMPLAINT_
_PURSUANT TO F. R. CIV. P. 12(e) FOR A MORE DEFINITIVE STATEMENT_
_OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT_

## I.  _HISTORY OF THE CASE_

Plaintiff, Charles E. Brown, a prisoner intermittently incarcerated in the Schuylkill County Prison and currently incarcerated in the Pennsylvania State Correctional system filed the instant Complaint under the Civil Rights Act, 42 U.S.C. § 1983, naming as defendants, the following:

County of Schuylkill

Schuylkill County Prison Board Members (which would include the County Commissioners, Forrest L. Shadle, Jerome P. Knowles and Stanley Tobash, as well

as the President Judge of the Court of Common Pleas of Schuylkill County, William Baldwin)

Schuylkill County Prison

Gerald Britton, current warden of the Schuylkill County Prison, who was appointed and assumed office on July 25, 1999

William E. Baldwin, President Judge of the Court of Common Pleas of Schuylkill County

Forrest L. Shadle, County Commissioner in and for the County of Schuylkill

Jerome P. Knowles, County Commissioner in and for the County of Schuylkill

Stanley H. Tobash, County Commissioner in and for the County of Schuylkill

Eugene Berdanier, Deputy Warden of Schuylkill County Prison

Anthony Kankowski, former Supervisor of Schuylkill County Prison from April 12, 1999, to February 2, 2000

David J. Kurtz, former Warden of Schuylkill County Prison until April 9, 1999

Part I of the Complaint fails to enumerate any prior lawsuits in which Mr. Brown was a plaintiff. Part II of the Complaint, as set forth in the accompanying Affidavits, incorrectly represents that a grievance procedure is not available at the Schuylkill County Prison.

Under the Statement of Claims, plaintiff alleges a variety of prison condition claims but totally fails to make any averment as to the date of the alleged deprivation. Although the drafter of the Complaint specifically left blanks for the insertion of the dates, no dates or time frames are provided and, therefore, defendants are unable to determine the applicability of threshold defenses, including the statute of limitations and non participation by some or all of the named defendants. The Complaint references a variety of alleged prison condition claims relating to overcrowding, sanitation and disciplinary confinement which he alleges have caused him to "feel degraded, humiliated, resulting in emotional stress, mental anguish and cruel and unusual punishment". The Complaint fails to allege any personal or bodily injury as a result of said conditions.

2

The Complaint seeks declaratory, injunctive and mandatory relief which is now moot in light of plaintiff's transfer to the Pennsylvania State Correctional system on August 15, 2000. In addition, plaintiff seeks compensatory damages in the amount of $200,000.00 and monetary damages in the amount of $200,000.00 for "mental anguish, stress and cruelty" plaintiff allegedly endured.

Defendants move to dismiss the Complaint on the ground that the plaintiff's claim for declaratory, injunctive and mandatory relief are moot by reason of plaintiff's transfer to the State Correctional Institution on August 15, 2000, and on the ground that the claim for monetary damages must be dismissed under the Federal Prison Litigation Reform Act to the extent plaintiff seeks "recovery for damages for emotional stress, mental anguish and cruelty" absent any allegation of personal injury. As no personal injury is alleged, defendants move to dismiss the Complaint or, in the alternative, move for summary judgment. As plaintiff's Complaints fails to allege any date of the alleged constitutional deprivation or time frame, defendants are compelled to move for a more definite statement in order to determine whether through the threshold defenses of the Statute of Limitations and non involvement may be averred. Moreover, defendants move for summary judgment by reason of plaintiff's failure to exhaust administrative grievance remedies.

## II. *QUESTIONS PRESENTED*

1.    WHETHER THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS, BY REASON OF PLAINTIFF'S FAILURE TO INSTITUTE OR EXHAUST ADMINISTRATIVE GRIEVANCE REMEDIES.

SUGGESTED ANSWER:        YES.

3

2.     WHETHER THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS, BY REASON OF PLAINTIFF'S ASSERTION OF ONLY MENTAL ANGUISH OR STRESS IN THE ABSENCE OF ANY ALLEGATION WHATEVER OF A PHYSICAL INJURY.

SUGGESTED ANSWER:     YES.

3.     WHETHER PLAINTIFF'S PRAYER FOR DECLARATORY, INJUNCTIVE AND/OR MANDATORY RELIEF MUST BE DISMISSED AS MOOT BY REASON OF PLAINTIFF'S TRANSFER TO THE STATE CORRECTIONAL SYSTEM ON AUGUST 15, 2000.

SUGGESTED ANSWER:     YES.

4.     WHETHER THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS, BY REASON OF THE FAILURE TO IDENTIFY ANY INDIVIDUAL DEFENDANT OR DEFENDANTS RESPONSIBLE FOR OR INVOLVED IN THE ALLEGED VIOLATION, THEREBY PREDICATING LIABILITY UPON AN OVERALL RESPONSIBILITY OR RESPONDEAT SUPERIOR.

SUGGESTED ANSWER:     YES.

5.     WHETHER THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS BY REASON OF THE FAILURE TO IDENTIFY ANY SPECIFIC INDIVIDUAL WHO IS RESPONSIBLE FOR SUBJECTING PLAINTIFF TO THE PRISON CONDITIONS AS ALLEGED AND FAILURE TO CONTAIN ANY ALLEGATIONS TO ESTABLISH A BASIS FOR THE REQUISITE FRAME OF MIND TO IMPOSE LIABILITY.

SUGGESTED ANSWER:     YES.

6. WHETHER THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT GRANTED AS TO THE MUNICIPAL DEFENDANTS BY REASON OF THE FAILURE TO ALLEGE OR DESIGNATE ANY GOVERNMENTAL POLICY OR CUSTOM OR ALLEGE THAT ANY SUCH POLICY OR CUSTOM CAUSED A CONSTITUTIONAL DEPRIVATION.

SUGGESTED ANSWER:        YES.

7. WHETHER HE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT GRANTED AS TO DEFENDANT, "SCHUYLKILL COUNTY PRISON" ON THE GROUND THAT THE SCHUYLKILL COUNTY PRISON IS A BUILDING AND NOT A LEGAL ENTITY.

SUGGESTED ANSWER:        YES.

8. WHETHER THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS WHERE THE RECORD ESTABLISHES THAT PLAINTIFF'S CONFINEMENT AND DISCIPLINARY SEGREGATION WAS A DIRECT RESULT OF PLAINTIFF'S OWN CONDUCT AND IMPOSED FOLLOWING DUE PROCESS HEARINGS.

SUGGESTED ANSWER:        YES.

9. WHETHER SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR OF FORMER WARDEN KURTZ WITH REGARD TO ANY ALLEGED CONSTITUTIONAL DEPRIVATION SUBSEQUENT TO HIS RESIGNATION ON APRIL 9, 1999.

SUGGESTED ANSWER:        YES.

10. WHETHER SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR OF WARDEN GERALD BRITTON AS TO ANY ALLEGED CLAIM OR CAUSE OF ACTION ASSERTED BY PLAINTIFF PRIOR TO WARDEN BRITTON'S ASSUMPTION OF DUTIES UPON HIS APPOINTMENT ON JULY 25, 1999.

SUGGESTED ANSWER:        YES.

11.    WHETHER THE COMPLAINT MUST BE DISMISSED OR SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS, SCHUYLKILL COUNTY PRISON AND ITS INDIVIDUAL MEMBERS, THE HONORABLE WILLIAM E. BALDWIN, FORREST L. SHADLE, COUNTY COMMISSIONER, JEROME P. KNOWLES, COUNTY COMMISSIONER, STANLEY TOBASH, COUNTY COMMISSIONER, BY REASON OF PLAINTIFF'S FAILURE TO ESTABLISH ANY NOTIFICATION OR COMMUNICATION WITH THE PRISON BOARD OR ITS INDIVIDUAL MEMBERS RELATIVE TO THE ALLEGED PRISON CONDITIONS AND ALLEGATIONS OF THE INSTANT COMPLAINT.

SUGGESTED ANSWER:        YES.


12.    WHETHER THE FAILURE OF THE PLAINTIFF TO DESIGNATE OR DENOMINATE ANY SPECIFIC TIME FRAMES FOR THE ALLEGED CONSTITUTIONAL DEPRIVATIONS DEPRIVES DEFENDANTS OF THE ABILITY TO DETERMINE THE APPLICABILITY OF THRESHOLD DEFENSES, INCLUDING THE STATUTE OF LIMITATIONS AND NON-INVOLVEMENT OF CERTAIN DEFENDANTS REQUIRING AN ORDER GRANTING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO F. R. CIV. P. 12(e).

SUGGESTED ANSWER:        YES.


## III. *STANDARD OF REVIEW*


On a motion to dismiss plaintiffs' Complaint for failure to state a claim on which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations of fact, must construe the Complaint in the light most favorable to plaintiff, and must determine whether, under any reasonable reading of pleadings, plaintiff may be entitled to relief. ***Burks v. City of Philadelphia***, 904 F.Supp. 421 (E.D. Pa. 1995). Although the well-pleaded allegations of the Complaint are deemed admitted, mere unsupported conclusions of fact or of mixed fact and law are

6

not so deemed. *Violanti v. Emery Worldwide A-C-F Co.*, 847 F. Supp. 1251 (M.D. Pa. 1994). *Northern Trust Co. v. Peters*, 69 F.3d 123 (7th Cir. 1995); *Reeve v. Union Pacific R. Co.*, 790 F.Supp. 1074 (D. Kan. 1992). These principles apply with equal force in a civil rights action. *McGrath v. MacDonald*, 853 F.Supp. 1 (D. Mass. 1994); *Caldwell v. City of Elwood*, 959 F.2d 670 (7th Cir. 1992).

To survive a motion to dismiss for failure to state a claim, the plaintiff cannot rely on bald assertions, unsupported conclusions and opprobrious epithets. *Gilbert v. Essex Group, Inc.*, 930 F.Supp. 683 (D.N.H. 1993).

In construing a motion to dismiss for failure to state a claim, the Court must primarily consider allegations contained in the Complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the Complaint may also be taken into account. *Allied Fire & Safety Equipment Co. v. Dick Enterprises, Inc.*, 886 F.Supp. 491 (E.D. Pa. 1995); *Corrigan v. Methodist Hosp.*, 853 F.Supp. 832 (E.D. Pa. 1994).

Plaintiffs have also submitted in support of its motion, in the alternative, for summary judgment, the affidavits of Eugene Berdanier, Deputy Warden, David Kurtz, former Schuylkill County Prison Warden and Gerald Britton, present Schuylkill County Prison Warden. . Under such circumstances, a Motion to Dismiss the Complaint is properly treated as a Motion for Summary Judgment under F. R. Civ. P. 56 where, in order to decide the Motion, the trial court considers documents submitted to support the motion, as well as the pleadings. Where consideration of materials outside the pleadings is necessary to decide the motion, the Court will generally exercise its discretion to treat the motion as one for summary judgment. *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274 (5th Cir. 1991).

A motion for summary judgment filed under F. R. Civ. P. 56(c) shall be forthwith rendered if the pleadings, depositions, answers to interrogatories and admissions on file,

together with affidavits, if any, shows that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. Summary judgment is now properly regarded not as a disfavorable procedural shortcut, but rather as a integral part of the federal rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action". *Celotex v. Cartrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 2d. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d. 202 (1986). The presence of "a mere scintilla of evidence" in the non movant's favor will not avoid summary judgment. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d. Cir. 1989). Rather, the court will grant summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the non moving party". *Anderson*, 477 U.S. @ 248, 106 S. Ct. @ 2545. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of his case. *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 3d. (Cir. 1990).

## IV. *ARGUMENT*

1.   THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS BY REASON OF PLAINTIFF'S FAILURE TO INSTITUTE OR EXHAUST ADMINISTRATIVE GRIEVANCE REMEDIES.

In suits by prisoners, 42 U.S.C. § 1997e(a) requires the exhaustion of administrative remedies and provides as follows:

"(a)    Applicability of Administrative Remedies.  No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States, 42 U.S.C. 1983, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until administrative remedies as are available are exhausted."

In the instant action, the relief sought by plaintiff in his pro se Complaint, seeks declaratory, mandatory and injunctive relief, as well as monetary damages and ongoing prospective supervision by the United States Marshall.  The Affidavits of David Kurtz, former Warden, Gerald Britton, current Warden, and Eugene Berdanier, Deputy Warden, establish that at all times material hereto, a grievance procedure was in place at the Schuylkill County Prison and clearly set forth in the Schuylkill County Prison Resident Rules and Regulations distributed to each resident of the prison.

Specifically, the grievance procedure is set forth in detail on Page 6 of the Resident Rules and Regulations and provides as follows:

"9.    COMMUNICATION AND GRIEVANCE PROCEDURE

A.    The following procedures have been established to insure that all inmates have the opportunity for formal communication with members of the Prison Administration.

B.    All communications of an official nature are to be submitted in accordance with the guidelines listed below.

C.    The Prison Administration encourages meaningful communication and will not tolerate communication of an obscene, disrespectful, threatening, frivolous or harassing nature.  Such behavior will result in your being written up for a misconduct and/or criminal prosecution where appropriate.

D.    Resolving routine problems:  You are directed to follow these steps in resolving routine problems:

a.    consult with the officer supervising your housing unit or work detail.
b.    consult with the Supervisor.
c.    request permission for an Inmate Request Form.

9

E.  Emergency Communications:  Routine procedures are suspended for emergency purposes.  In such cases, consult the nearest staff member available.

F.  Routine Communications:
Inmate Request Form:  This form alerts the staff member to whom it is directed that you wish to consult him/her on a specific matter.
You are required to state the nature of your request and all relevant information.
The form provides for the staff member's written response which will be forwarded to you in the event an interview with the staff member is not necessary.

G.  Grievance Procedure:  This can be handled by requesting an Inmate Request Form and send it out to the appropriate member of staff.
Note:  Appeals to disciplinary actions must be in writing to the Warden.

This grievance procedure was in effect during the tenure of David J. Kurtz, former Warden, through April 9, 1999, and Eugene Berdanier, acting Warden through July 25, 1999.

The Affidavit of Gerald Britton, current Warden, establishes that upon his appointment, he instituted the following format for the processing of grievances:

(a)  A grievance is submitted in writing on an Inmate Request Form, Inmate Grievance Form or any writing.

(b)  The inmate appears at a hearing before the Shift Lieutenant, Counselor or Deputy Warden.

(c)  The grievance is resolved at hearing and, if not resolved at the satisfaction of the resident, he may appeal directly to the Warden.

A grievance or complaint may be presented to any staff or correctional officer on an "Inmate Request to Staff Member" form, a newly developed Inmate Grievance Form

10

or in any written form.  No specific form or format is required for the submission of a grievance.

The Affidavits of David Kurtz, Eugene Berdanier, and Gerald Britton establish that at no time during their respective tenures, did Mr. Brown submit any grievance, writing, request or any other written or oral communication relative to the prison communications alleged in the Complaint.  A review of Mr. Brown's prison file reveals no submitted grievance or any notification concerning the prison conditions of the allegations as averred in the Complaint.

Accordingly, it is respectfully submitted that summary judgment must be entered in favor of defendants by reason of plaintiff's failure to exhaust available and administrative grievance remedies.

2.    THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS BY REASON OF PLAINTIFF'S ASSERTION OF ONLY MENTAL ANGUISH OR STRESS AND THE ABSENCE OF ANY ALLEGATION WHATEVER OF PHYSICAL INJURY.

42 U.S.C. § 1997e(e) limiting recovery under the Civil Rights Act specifically provides as follows:

> "(e)   Limitation on recovery.  No Federal Civil Action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury".

In the instant case, the body of plaintiff's Complaint fails to alleges any physical injury whatever.  In the Complaint, plaintiff references a variety of prison condition claims which he alleges have caused him to feel degraded, humiliated, resulting in

11

emotional distress, mental anguish and cruel and unusual punishment.  In his addammum clause, plaintiff seeks monetary damages deemed appropriate by the Court and jury for mental anguish, stress and cruelty plaintiff endured not to exceed $200,000.00 nor below $100,000.00.

Plaintiff's Complaint fails to allege any physical injury whatever and to the extent the Complaint is predicated upon and seeks recovery for mental or emotional injuries, the Complaint must be dismissed under 42 U.S.C. § 1997e(e).

3.    PLAINTIFF'S PRAYER FOR DECLARATORY, INJUNCTIVE AND/OR MANDATORY RELIEF MUST BE DISMISSED AS MOOT BY REASON OF PLAINTIFF'S TRANSFER TO THE STATE CORRECTIONAL SYSTEM ON AUGUST 15, 2000.

Plaintiff's Complaint, in addition to monetary damages, seeks declaratory, mandatory and injunctive relief, as well as ongoing supervision of the prison by this Court and the United States Marshall.  The Affidavit of Eugene Berdanier establishes that plaintiff was transferred to the State Correctional Institution on August 15, 2000, and according to the Summons issued in this matter, plaintiff is currently incarcerated at the State Correctional Institution at Camp Hill.

Under the 1996 Prison Litigation Reform Act, Congress has significantly circumscribed the circumstances under which prospective relief may be granted in any civil action with respect to prison conditions.  Specifically, prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal Right of a particular plaintiff or plaintiffs.  Injunctive relief must be narrowly drawn and extend no further than necessary to correct the violation of the Federal Right and is the least intrusive means necessary to correct the violation of the Federal Right.

12

In the instant case, it is clear that plaintiff is no longer incarcerated at the Schuylkill County Prison and his transfer on August 15, 2000, renders his request for declaratory, mandatory and injunctive relief as moot.

4.    THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR OF DEFENDANTS BY REASON OF THE FAILURE TO IDENTIFY ANY INDIVIDUAL DEFENDANT OR DEFENDANTS RESPONSIBLE FOR OR INVOLVED IN THE ALLEGED VIOLATION, THEREBY PREDICATING LIABILITY UPON OVERALL RESPONSIBILITY OR RESPONDEAT SUPERIOR.

The complaint seeks to predicate liability in part upon allegations of "negligence". The United States Supreme Court has definitively held, as a matter of law, that negligence is insufficient to support liability under § 1983 generally or under the due process clause of the Fourteenth Amendment specifically. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed. 2d. 662 (1986). *County of Sacramento v. Lewis*, 523 U.S. 833, 848, 118 S.Ct. 1708, 140 L.Ed. 2d. 1043 (1998), stating that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process". Accordingly, any portion of the Complaint predicated upon allegations of negligence or gross negligence must be dismissed.

In order to state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must show (1) that the person deprived him of a federal right and (2) that the person who deprived him of that right acted under color of state law. *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Under § 1983, the liability of supervisory personnel or administrators may not be predicated upon a theory of respondeat superior. *Ignalls v. Florio* 968, F. Supp. 193, 1997 W.L. 353035 D.N.J. (June 13, 1997) citing *Monell v.*

*Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d. 611 (1978). Rather, supervisory personnel and administrators may held liable only if they played some personal role in the alleged violation. *Moon v. Dragovich*, 1997 W.L. 18033 (E.D. Pa. April 16, 1997). Such personal involvement may be shown only by demonstrating that a supervisor or administrator "participated in violating (a) a plaintiff's right or that he directed others to violate them or that he, as the person in charge. . .had knowledge of or acquiesced in his subordinate's violation". *Baker v. Monroe Township*, 50 F.3d 1186, 1190-91 (3d. Cir. 1995).

The Complaint fails to identify any specific individual or individuals purportedly responsible for subjecting plaintiff to the specific prison conditions alleged in the Complaint and his failure to present any complaint or grievance relating to the prison condition precludes any knowledge or notice of the same or any opportunity to correct or remedy the alleged violation if, indeed, such a condition were found. The conclusionary allegations of the Complaint, therefore, can not predicate the liability of the prison administrators–Former Warden, Present Warden and Deputy Warden, as well as the Prison Board solely upon a theory of overall responsibility or respondeat superior.

Accordingly, by reason of the absence of any averment of the involvement or knowledge of any specific individual defendant, the Complaint must be dismissed or, in the alternative, summary judgment entered in favor of defendants on the grounds of claimant's failure to establish any basis for supervisory liability.

The Complaint identifies Anthony Kankowski as a defendant and alleges that Mr. Kankowski was a supervisor of the Schuylkill County Prison. However, the body of the Complaint contains no allegation of any act or omission as to Mr. Kankowski or any participation, involvement or even knowledge of the alleged prison conditions claimed. Accordingly, by reason of the failure to identify any individual defendant as

14

responsible or involved in the alleged violation, plaintiff's Complaint must be dismissed or, in the alternative, summary judgment entered in favor of defendants.

5.    THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS BY REASON OF THE FAILURE TO IDENTIFY ANY SPECIFIC INDIVIDUAL WHO IS RESPONSIBLE FOR SUBJECTING PLAINTIFF TO PRISON CONDITIONS AS ALLEGED IN THE COMPLAINT OR OTHER DEPRIVATION TO ESTABLISH A FACTUAL BASIS FOR THE REQUISITE STATE OF MIND TO IMPOSE LIABILITY.

While the Complaint alleges in conclusionary terms, the negligence and gross negligence of the defendant, the Complaint fails to set forth a factual predicate for a finding of "deliberate indifference" with regard to prison conditions.

A plaintiff in a § 1983 action must allege sufficient specific facts to enable the Court to determine if a specific defendant, while acting under "color of law" deprived plaintiff of a federally constitutional or statutory right. ***Rodes v. Municipal Authority of Milford***, 409 F.2d 16 (3d Cir. 1969), *Cert. denied* 396 U.S. 861. Mere conclusionary allegations without supportive facts allege that unspecific constitutional rights have been violated do not suffice. ***Rodes v. Municipal Authority of Milford***, supra., and broad allegations that are conclusionary and unsupported by factual allegations mandate the dismissal of § 1983 Complaints. ***Negrich v. Hohn***, 379 F.2d 213 (3d. Cir. 1967).

In the instant case, the Complaint fails to allege any facts to establish the identity of the individual involved in the alleged deprivations or any facts to establish knowledge of the alleged deprivation and the requisite state of mind necessary to sustain a § 1983 cause of action.

To demonstrate deliberate indifference, a plaintiff must show that defendants were more than merely negligent.

The Complaint alleges prison condition claims purportedly constituting cruel and unusual punishment in violation of the Eighth Amendment.  In order for a state action constitute an actionable violation of the Eighth Amendment, two requirements must be met.  ***Farmer v. Brennan***, 511 U.S. 825, 834, 114 (S.Ct. 1970), 128 L.Ed. 2d. 811 (1994).  First, the alleged deprivation must be sufficiently serious from an objective point of view, i.e., the prisoner must show that a condition of his incarceration poses substantial risk of serious harm.  Secondly, to violate the Eighth Amendment, the specific official must be shown to have a sufficiently capable state of mind, i.e., one of "deliberate indifference" to inmate health and safety.  Under this standard, "deliberate indifference" means:

> "[T]he official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  128 L.Ed. 2d. @ 825.

If the official ought to have realized a potential for harm, but did not, and harm indeed results, this may be a tort claim, the Court opines, but it is not a constitutional violation.  The Complaint does not aver any basis for knowledge of the alleged conditions and by reason of plaintiff's failure to pursue grievance proceedings, the Complaint does not allege and the evidence does not establish any basis upon which a finding of deliberate indifference may be predicated.  Plaintiff's prison file reveals no form of grievance or complaint relative to prison conditions or that the deprivation alleged were brought to the attention of any of the named defendants.

For the foregoing reasons, the Complaint must be dismissed, or in the alternative, summary judgment entered in favor of defendants.

16

6.    THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT MUST BE GRANTED AS TO MUNICIPAL DEFENDANTS BY REASON OF THE FAILURE TO ALLEGE OR DESIGNATE ANY POLICY OR CUSTOM OR ALLEGE THAT ANY SUCH POLICY OR CUSTOM CAUSED A CONSTITUTIONAL DEPRIVATION.

To the extent plaintiff seeks to hold the municipal defendants (the County, Prison Board and County Commissioners) liable and the individual defendants liable in their official capacities, under **Monell v. Department of Social Services**, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d. 611 (1978), the Supreme Court held that although municipal liability was possible, such potential liability is limited to the governmental entities' own acts—as opposed to vicarious liability.   In this regard, in **Monell**, the Supreme Court specifically held:

> "On the other hand, the language of § 1983 read against the background of the same legislative history compels the conclusion that Congress did not intend for municipalities to be held liable unless action pursuant to a municipal policy of some nature caused the constitutional tort.  In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor or, in other words, a municipality may not be held liable under § 1983 on a respondeat superior theory.

> * * *

> We conclude, therefore, that a local government cannot be sued under § 1983 for an injury inflicted solely by employees or agents.   Instead, when it is execution of a government's policy or custom, whether made by law makers or by those whose edicts or acts may fairly be said to represent official policy, inflicts an injury that the government as an entity is responsible under § 1983."

436 U.S. @ 692-694.

17

In *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 85 L.Ed. 2d 791 (1985), the Court was faced with the question of "whether a single isolated incident of the use of excessive force by a police officer establishes the official policy or practice of a municipality sufficient to render the municipality liable for damages under § 1983". The court held that the single act of a non-policy maker alone was not sufficient basis upon which to impose municipal liability. In this regard, the Supreme Court held:

> "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributable to the municipal policy maker. Otherwise, the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than a single incident will be necessary in every case to establish both a requisite fault on the part of the municipality and the causal connection between the 'policy' and the 'constitutional deprivation'."

471 U.S. @ 823-824.

The above principles were reaffirmed in *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed. 2d. 626 (1987), wherein the Supreme Court reaffirmed the requirement of § 1983 that plaintiffs established that the government-itself be at fault for the alleged constitutional violation and that respondeat superior will not be sufficient to impose liability. In this regard, the Supreme Court held:

> "We have consistently refused to hold municipalities liable under a theory of respondeat superior. . .Instead, in *Monell*, and subsequent cases, we have required that a plaintiff seeking to impose liability on a municipality under § 1983 identify a municipal 'policy' or 'custom' that 'caused plaintiff's injury'."

117 S.Ct. @ 1388.

In the instant Complaint, plaintiff fails to identify any municipal "policy" or "custom" adopted or followed by the County of Schuylkill, the Schuylkill County Prison Board or County Commissioners which caused or gave rise to a constitutional deprivation or injury. There is no allegation that the municipal defendants played any role or had any knowledge of the alleged prison conditions, or disciplinary proceedings that any of these conditions was the result of policy or custom.

Accordingly, the Complaint must be dismissed or, in the alternative, summary judgment entered in favor of defendants, County of Schuylkill, Schuylkill County Prison Board and the County Commissioners and the individual defendants in their official capacity.

7.    THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT GRANTED AS TO DEFENDANT, "SCHUYLKILL COUNTY PRISON", AS THE SCHUYLKILL COUNTY PRISON IS A BUILDING AND NOT A LEGAL ENTITY.

Among the various defendants named in this action is the "Schuylkill County Prison". The Schuylkill County Prison is simply the building in which plaintiff was incarcerated and is not a legal entity. The responsibility for the day-to-day administration of the prison rests with the warden. The supervision of inmates is provided on a daily basis by the shift supervisors and correctional officers.

8.    THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS WHERE THE RECORD ESTABLISHES THAT THE PLAINTIFF'S CONFINEMENT AND DISCIPLINARY

19

SEGREGATION WAS AS A DIRECT RESULT OF PLAINTIFF'S OWN CONDUCT AND IMPOSED FOLLOWING DUE PROCESS HEARINGS.

In the instant case, plaintiff entered a plea of guilty to charges of robbery, theft by unlawful taking, receiving stolen property, simple assault, and recklessly endangering another person and on December 30, 1996, was sentenced to 11½ months to 23 months in prison.  Under Part IV of the Complaint relating statements of claim, plaintiff alleges a denial of outside yard time while as an inmate in the disciplinary lock-up (E-block) and asserts that while confined in E-block, plaintiff has been deprived due process on several occasions by unidentified prison employees by placing Brown in pre-hearing confinement without proper justification.

Plaintiff's prison file reveals that plaintiff did have a difficult time adjusting to prison life and that numerous conduct complaints were issued as a result of disciplinary hearings were held as more fully set forth in the Affidavit of Eugene Berdanier and attached disciplinary hearing reports.

The absence of a specific date or dates of the alleged pre-hearing confinement cannot be documented or confirmed and if such pre-hearing confinement occurred, it would have related only to a minor defense.

Nonetheless, assuming the truth of plaintiff's averment, it is now well established that lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying the penal system.   Accordingly, discipline by prison officials in response to a wide range of conduct falls within the expected parameters of the sentenced imposed by law.  ***Sandin v. Connor***, 515 U.S.47215 S.Ct. 2293, 132 L.Ed. 2d. 418 (1995).  In ***Sandin***, the Supreme Court held that neither state prison regulations nor the due process clause itself affords an inmate a protected liberty interest that would entitle him to procedural

protections set forth in **Wolff v. McDonnell**, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed. 2d. 935 (1974). In **Sandin**, plaintiff, a state inmate, was charged with "high misconduct" and sentenced to 30 days disciplinary segregation. The Supreme Court ultimately held that this regimen was within the range of confinement to be normally expected from one serving a prison sentence. Thus, the due process clause does not create a liberty interest or require the panoply of due process rights for periods of brief pre-hearing incarceration. Under the circumstances of the **Connor** case, the Supreme Court held that "Connor's discipline in segregated confinement, did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest".

Accordingly, the due process claim set forth in IV D, E & F of the Complaint must be dismissed or, in the alternative, summary judgment be granted in favor of defendants.


9.    SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR OF FORMER WARDEN DAVID KURTZ WITH REGARD TO ANY ALLEGED CONSTITUTIONAL DEPRIVATION SUBSEQUENT TO HIS RESIGNATION ON APRIL 9, 1999.


Plaintiff's Complaint references no specific time frame when the alleged constitutional deprivations occurred.

The Affidavit of David Kurtz, former Warden of Schuylkill County Prison, establishes that he served in the capacity of Warden until his resignation on April 9, 1999. Thereafter, former Warden Kurtz had no knowledge, involvement, participation or responsibility with regard to prison conditions at Schuylkill County Prison generally or with regard to plaintiff specifically. Accordingly, summary judgment must be entered in favor of former Warden David J. Kurtz with regard to any alleged constitutional deprivation subsequent to April 9, 1999.

10.    SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR OF WARDEN GERALD BRITTON WITH REGARD TO ANY ALLEGED CLAIM OR CAUSE OF ACTION ASSERTED BY PLAINTIFF PRIOR TO WARDEN BRITTON'S ASSUMPTION OF DUTIES UPON HIS APPOINTMENT ON JULY 25, 1999.

Plaintiff's Complaint alleges no time frame relative to the alleged constitutional deprivations.

Warden Gerald Britton was appointed and initially assumed the responsibilities of Warden of Schuylkill County Prison on July 25, 1999.  Accordingly, he had no knowledge, involvement, participation or responsibility for conditions in Schuylkill County Prison generally or with plaintiff specifically prior to that date and, accordingly, summary judgment was entered in its favor as to any alleged constitutional deprivation occurring before July 25, 1999.

11.    THE COMPLAINT MUST BE DISMISSED OR SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS, SCHUYLKILL COUNTY PRISON BOARD AND ITS INDIVIDUAL MEMBERS, THE HONORABLE WILLIAM E. BALDWIN, FORREST L. SHADLE, COUNTY COMMISSIONER, JEROME P. KNOWLES, COUNTY COMMISSIONER, AND STANLEY TOBASH, COUNTY COMMISSIONER, BY REASON OF THE PLAINTIFF'S FAILURE TO ALLEGE OR ESTABLISH ANY NOTIFICATION OR COMMUNICATION WITH THE PRISON BOARD OR ITS INDIVIDUAL MEMBERS RELATIVE TO THE ALLEGED PRISON CONDITIONS AND ALLEGATIONS OF THE INSTANT COMPLAINT.

The Prison Board is responsible for the establishment of overall policy at the prison but is not involved to any extent in its day-to-day operations unless a specific

22

problem is called to the Board's attention.   The Board meets once a month at the County Courthouse.  The Complaint fails to allege that the Prison Board received any contact, communication, complaint or grievance relative to the plaintiff, Charles B. Brown, nor was it apprised or notified by Mr. Brown or by any other source of the alleged constitutional deprivations as set forth in the Complaint.

Accordingly, summary judgment must be entered in favor of the Schuylkill County Prison Board and its individual members, Forrest L. Shadle, Jerome P. Knowles, Stanley H. Tobash, and the Honorable William E. Baldwin, President Judge.


12.    THE FAILURE OF PLAINTIFF TO DESIGNATE ANY SPECIFIC TIME FRAMES FOR THE ALLEGED CONSTITUTIONAL DEPRIVATION DEPRIVES DEFENDANTS OF THE ABILITY TO DETERMINE THE APPLICABILITY OF THRESHOLD DEFENSES, INCLUDING THE STATUTE OF LIMITATIONS AND NON INVOLVEMENT OF CERTAIN DEFENDANTS, REQUIRING AN ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO F.R. CIV. P. 12(e).


A review of plaintiff's prison file reveals that plaintiff was initially incarcerated in the Schuylkill County Prison in 1996 through his parole on August 25, 1997, and thereafter, on parole violation.

The Complaint fails to allege any date of the alleged constitutional deprivation or time frame of the alleged constitutional violation thereby depriving defendants of the ability to determine the applicability of threshold defenses, including the statute of limitations and the non involvement of certain defendants.

As previously set forth, former Warden Kurtz served as Warden of Schuylkill County Prison until his resignation on April 9, 1999.  Current Warden Gerald Britton was appointed as of July 25, 1999. Anthony Kankowski served as the Supervisor of the

Schuylkill County Prison for a limited period from April 12, 1999, until his resignation on February 2, 2000.   Stanley H. Tobash was first elected as a Schuylkill County Commissioner and did not assume his position until January 3, 2000.   Thus, the failure of plaintiff to plead time with specificity prevents defendants from determining the applicability of the defense of the Statute of Limitations, as well as the applicability of the defense of non involvement.

The drafter of the Complaint for Mr. Brown specifically intended the insertion of the time frames but no date or time frame was inserted mandating an Order requiring a more definite complaint.

## V.  CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Motion of Defendants to Dismiss the Complaint must be granted or, in the alternative, that summary judgment be entered in favor of defendants and against plaintiff.   In the alternative, it is respectfully submitted that Defendants' Motion for a More Definite Complaint under F.R. Civ. P. 12(e) must be granted.

RESPECTFULLY SUBMITTED,

ZIMMERMAN, LIEBERMAN & DERENZO, LLP

BY: _____
Frank L. Tamulonis, Jr., Esquire
Attorneys for Defendants,
County of Schuylkill, et al.

24