**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. BROWN,<br>    Plaintiff | Civil Action No. 1:CV-00-1224 |
| vs. | FILED<br>HARRISBURG<br>APR - 6 2001<br>MARY E. D'ANDREA, CLERK<br>Per_____<br>DEPUTY CLERK |
| COUNTY OF SCHUYLKILL,<br>SCHUYLKILL COUNTY PRISON<br>BOARD MEMBERS<br>SCHUYLKILL COUNTY PRISON<br>GERALD BRITTON,<br>FORREST L. SHADLE,<br>JEROME P. KNOWLES,<br>STANLEY TOBASH,<br>EUGENE BERDANIER,<br>ANTHONY KANKOWSKI,<br>DAVID J. KURTZ,<br>and WILLIAM BALDWIN<br>    Defendants | |

<u>MOTION TO REQUEST A DELAY OF</u>
<u>DEFENDANTS MOTION TO DISMISS THE COMPLAINT OR,</u>
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT</u>

    Plaintiff, **CHARLES E. BROWN**, moves to request a delay pursuant to Fed. R. Civ. P. Rule 56(f), of defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), motion for a more definite statement pursuant to Fed. R. Civ. P. Rule 12(e) or, in the alternative, for summary judgement and supporting memorandum of law, with plaintiffs memorandum of law in support.

    1. Plaintiff is requesting a delay of defendant's motion due to his inability, at this present time, to produce and submit necessary

(1)

affidavits and/or other evidence to oppose defendant's motion to dismiss and for summary judgement (Fed. R. Civ. P. 56(f) )

2. A Court should not grant a summary judgement against a party who has not had an opportunity to pursue discovery or whose discovery requests have not been answered. In the instant case, an opportunity for discovery has not been afforded and would be governed under, Salahuddin v. Coughlin, 993 F.2d 306, 309-10 (2nd Cir. 1993); Villante v. Dept. of Corrections of City of New York, 786 F.2d 516, 521-23 (2nd Cir. 1986).

3. Where the facts are in the possession of the moving party, a continuance of a motion for summary judgement should be granted as a matter of course. (Costlow v. United States, 552 F.2d 560, 564 (3rd Cir. 1977); accord, Baker v. McNeil Island Corrections center, 859 F.2d 124, 127 (9th Cir. 1988).

4. Such a request is also appropriate since there are other reasons why plaintiff cannot obtain necessary evidence, ie; the need of affidavits of other prisoners who are now at other prisons, and the existance of additional essential and discoverable information obtainable through discovery. (Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991)

In closing, an order that prison officials permit plaintiff to correspond for the limited purpose of requesting affidavits is appropriately in uniformity with plaintiffs order for delay.

Dated: *March 26, 2001*

Cordially,

*Charles Brown*

Charles E. Brown,
Plaintiff

(2)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. BROWN,<br>    Plaintiff<br><br>vs.<br><br>COUNTY OF SCHUYLKILL,<br>SCHUYLKILL COUNTY PRISON<br>BOARD MEMBERS<br>SCHUYLKILL COUNTY PRISON<br>GERALD BRITTON,<br>FORREST L. SHADLE,<br>JEROME P. KNOWLES,<br>STANLEY TOBASH,<br>EUGENE BERDANIER,<br>ANTHONY KANKOWSKI,<br>DAVID J. KURTZ,<br>and WILLIAM BALDWIN<br>    Defendants | Civil Action No. 1:CV-00-1224 |

### CERTIFICATE OF SERVICE

And now, this __26__ day of __March__, 2001, I, Charles E. Brown, plaintiff, certify that I served the within Motion to Request Delay of Defendants Motion to Dismiss the Complaint, or in the alternative, for summary judgement, with supporting memorandum of law, and supporting affidavit this day by depositing the same in the United States mailbox, postage prepaid, at the State Correctional Institution at Albion, Albion, Pennsylvania 16475, addressed to:

Frank L. Tamulonis, Jr., Esq.
Zimmerman, Lieberman and Derenzo, LLP.
111 East Market Street
P.O. Box 238
Pottsville, Pennsylvania 17901

_____
Charles E. Brown, Plaintiff