JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. BROWN,<br>    Plaintiff<br><br>vs.<br><br>COUNTY OF SCHUYLKILL,<br>SCHUYLKILL COUNTY PRISON<br>BOARD MEMBERS<br>SCHUYLKILL COUNTY PRISON<br>GERALD BRITTON,<br>FORREST L. SHADLE,<br>JEROME P. KNOWLES,<br>STANLEY TOBASH,<br>EUGENE BERDANIER,<br>ANTHONY KANKOWSKI,<br>DAVID J. KURTZ,<br>and WILLIAM BALDWIN<br>    Defendants | Civil Action No. 1:CV-00-1224<br><br><br>FILED<br>HARRISBURG<br><br>APR - 6 2001<br><br>MARY E. D'ANDREA, CLERK<br>Per_____<br>DEPUTY CLERK |

## MEMORANDUM IN SUPPORT OF
## MOTION TO REQUEST A DELAY OF
## DEFENDANTS MOTION TO DISMISS THE COMPLAINT
## OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT

STATEMENT OF RELIEF REQUESTED:

    Plaintiff, **CHARLES E. BROWN**, moves to request a delay pursuant to Fed. R. Civ. P. Rule 56(f), of defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6), Motion for a more definite statement pursuant to Fed. R. Civ. P. Rule 12(e) or, in the alternative,, for summary judgement and supporting memorandum of law, with plaintiff's memorandum of law in support.

SUMMARY OF ARGUMENT:

    Plaintiff should be granted a delay of defendant's motiom due

(1)

to the fact that he cannot, at this time, submit the necessary affidavits and/or other supporting evidence to oppose the motion to dismiss complaint, and for summary judgement.

STATEMENT OF FACTS:

1. I, **CHARLES E. BROWN**, am the above named plaintiff, presently incarcerated at the State Correctional Institution at Albion, I am bringing suit under the Civil Rights Act, 42 U.S.C. § 1983, naming as defendants, COUNTY OF SCHUYLKILL, SCHUYLKILL COUNTY PRISON BOARD MEMBERS, SCHUYLKILL COUNTY PRISON, GERALD BRITTON, FORREST L. SHADLE, JEROME P. KNOWLES, STANLEY TOBASH, EUGENE BERDANIER, ANTHONY KANKOWSKI, DAVID J. KURTZ, and WILLIAM BALDWIN.

2. Defendants have filed motion to dismiss the complaint or, in the alternative, for summary judgement.

ISSUE #1

**Plaintiff's right to a delay should be granted pursuant to Fed. R. Civ. P. Rule 56(f).**

To show why requested relief should be granted, there must be a showing of substantial need for such delay. The following factors favor the grant of this motion;

A. Plaintiff should be given permission by this Honorable Court to submit an amended complaint to make a more concise statement of the allegations surrounding the complaint and to define relief sought relevant to the claim.

Generally, amendments to acomplaint must be made within the time set by the statute of limitations for filing the suit. (Fed. R. Civ. P. Rule 15(a)). However, a new claim or defense arises from the same facts alleged in the original pleading, if it relates back to the time the original pleading was filed. (Fed. R. Civ. P. Rule 15 (c); see also, Younger v. Chernovetz, 792 F. Supp. 173, 176 (D. Conn. 1992); and Doe v. Calumet City, Ill., 128 F.R.D. 93, 94-95 (N.D. Ill. 1989).

The Supreme Court has held that a plaintiff with an arguable claim should be permitted to amend the complaint before pending motion to dismiss is ruled on. (Neitzke v. Williams, 490 U.S. 319, 329, 109 S.Ct. 1827 (1989). Lower Courts have held that Pro se litigants should receive notice of the deficiencies in their complaints as well as an opportunity to amend them before the complaints are dismissed. (McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), Platsky v C.I.A., 953 F.2d 26, 28 (2nd. Cir. 1991).

B. Plaintiff should be given permission by this Honorable Court to pursue discovery proceedings to obtain material not in the possession of the plaintiff for the purpose of adequately litigating his complaint.

The plaintiff seeks relief to grant him delay of defendant's motion to dismiss to obtain discovery. (La Chemise La Coste v. Allegator Co. Inc., 60 F.R.D. 164, 174 (D.DEL. 1973); Nash v. Thieke, 743 F.Supp. 130 (E.D. Wis. 1990).

Discovery shall be granted upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable, without undue hardship to obtain the substantial equivalent of the materials by other means. (Fed. R. Civ. P. Rule 26 (5)(b)(3).

Plaintiff is unable to obtain the pertinent information for preparation of opposition of summary judgement and for trial. without undue hardship because he is incarcerated, indigent, and has limited outside resources. therefore, it is likely to be granted on those grounds.

Wherefore, since the defendants have submitted materials outside the complaint, such as affidavits and other documentary exhibits, the Court must either ignore them or convert the motion into a

motion for summary judgement. (Fed. R. Civ. P. Rule 12(b); Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991); Chandler v. Coughlin, 743 F.2d 110, 113 (2nd Cir. 1985).

If this Court converts the motion to one for summary judgement, it must hold that a Pro se litigant must be given notice of that fact and of the requirement that he submit his own affidavits or other evidence to counter any evidence submitted by the defendants.

CONCLUSION:

For the foregoing reasons, the Honorable Court should grant this motion in its entirety.

Dated: *March 26, 2001*

Cordially,

*Charles Brown*

Charles E. Brown,
    Plaintiff

(4)