29
8/6/01
mr

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. BROWN,<br>**Plaintiff,** | :<br>: CIVIL NO. 1:CV-00-1224<br>: |
| v. | : (JUDGE RAMBO) |
| COUNTY OF SCHUYLKILL, et al.,<br>**Defendants** | :<br>: |

FILED
HARRISBURG, PA
AUG 06 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## MEMORANDUM AND ORDER

Plaintiff, Charles E. Brown, an inmate presently confined in the State Correctional Institution, Camp Hill, Pennsylvania, ("SCI-Camp Hill") filed this civil rights action based on the time he was incarcerated at Schuylkill County Prison pursuant to 42 U.S.C. § 1983. The plaintiff proceeds pro se and in forma pauperis. He names as defendants County of Schuylkill, Schuylkill County Prison Board Members, Schuylkill County Prison, Gerald Britton, William E. Baldwin, Forrest L. Shadle, Jerome P. Knowles, Stanley Tobash, Eugene Berdanier, Anthony Kankowski, and David Kurtz.

On March 12, 2001, defendants' filed a motion to dismiss the complaint, motion for a more definite statement, or, in the alternative, for summary judgment (Doc. 16). On April 6, 2001, plaintiff filed a motion for leave to file an amended complaint (Doc. 23). Plaintiff also filed a motion to request a "delay" of defendants' motion to dismiss on April 6, 2001 (Doc. 24). On July 23, 2001, plaintiff filed a motion to obtain a copy of his civil action complaint and for a sixty day extension to "respond to defendants' petition of request for admissions addressed to plaintiff." (Doc. 28).

These motions are all presently pending. For the reasons that follow, the motion to amend will be granted. Defendants' motion to dismiss and for summary judgment will be denied without prejudice to refile. The motions to request a delay of defendants' motion to dismiss and sixty day extension of time to respond will be denied as moot.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

This Court notes that Rule 15 has a liberal amendment of complaint policy. Foman v. Davis, 371 U.S. 178, 181-82 (1962). Furthermore, it is well-recognized that liberal standards are to be applied to pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972). It is undisputed that plaintiff has not previously submitted an amended complaint or sought leave of court to do so.

In granting plaintiff's leave to file an amended complaint, plaintiff will have an opportunity to correct the deficiencies identified in defendants' motion for a more definite statement pursuant to Fed. R. Civ. P. Rule 12(e). Plaintiff must assert in any amended

2

complaint that a particular person acting under color of state law was personally involved in any alleged unlawful act or acts so that viable claims are stated. Plaintiff must link a properly named defendant with any alleged unlawful act so that the complaint states a viable § 1983 claim and gives each defendant fair notice of what allegation plaintiff makes against them and the factual grounds upon which each such claim rests. Further, plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Plaintiff also must state what, if any, actions he took regarding exhausting his administrative remedies. If plaintiff fails to demonstrate exhaustion of the grievance procedure at Schuylkill County Prison, his complaint will be dismissed pursuant to Booth v. Churner, 121 S.Ct. 1819 (2001). See also Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to file an amended complaint (Doc. 23) is **GRANTED**. If the plaintiff fails to file an amended complaint within twenty (20) days of the date hereof, the Clerk shall close this case without further order of court.

2. Defendants' motion to dismiss, for more definite statement, or summary judgment (Doc. No. 16), is **DENIED** without prejudice to refile.

3. Plaintiff's motion to request a delay of defendants' motion to dismiss (Doc. 24) is **DISMISSED as MOOT**.

3

4. Plaintiff's motion for sixty day extension (Doc. No. 28) is **DISMISSED as MOOT.**

5. The Clerk of Court is directed to provide the plaintiff with a form § 1983 complaint.

*[signature]*
SYLVIA H. RAMBO
United States District Judge

Dated: August 6, 2001.

4

```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

                    * * MAILING CERTIFICATE OF CLERK * *

                           August 6, 2001


    Re:  1:00-cv-01224    Brown v. County of Schuylkill



    True and correct copies of the attached were mailed by the clerk
    to the following:


         Charles E. Brown                    (with 1983 form)
         SCI-CH
         EJ6142
         P.O. Box 200
         Camp Hill, PA  17001

         Frank L. Tamulonis Jr., Esq.
         111 E. Market St.
         P.O. Box 238
         Pottsville, PA  17901




cc:
Judge                          (X )              (X ) Pro Se Law Clerk
Magistrate Judge               (  )              (  ) INS
U.S. Marshal                   (  )              (  ) Jury Clerk
Probation                      (  )
U.S. Attorney                  (  )
Atty. for Deft.                (  )
Defendant                      (  )
Warden                         (  )
Bureau of Prisons              (  )
Ct Reporter                    (  )
Ctroom Deputy                  (  )
Orig-Security                  (  )
Federal Public Defender        (  )
Summons Issued                 (  ) with N/C attached to complt. and served by:
                                    U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5            (  )
Order to Show Cause            (  ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen   (  )   PA Atty Gen (  )
                                         DA of County  (  )   Respondents (  )

Bankruptcy Court               (  )
Other_____    (  )
                                                       MARY E. D'ANDREA, Clerk
```

DATE: August 6th, 2001                                         BY: /s/ Mark J. Armbruster
                                                                    Deputy Clerk