IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES E. BROWN, PLAINTIFF :: CIVIL ACTION

VS. :: AT No: #1:00-CV-1224

WARDEN GERALD BRITTON, :: HON. SYLVIA H. RAMBO
EUGENE BERDANINER,
DAVID J. KURTZ, DEFENDANTS :: 42 U.S.C.A. §1983

AMENDED CIVIL COMPLAINT PURSUANT TO 42 U.S.C.A. §1983

STATEMENT OF THE CASE:

This is a civil rights case filed under 42 U.S.C.A. §198 by a state prisoner and is asserting claims for the unconstitutional denial of his right to be free from cruel and unusual punishment and the denial of equal protection of the laws in violation of his civil rights grounded in the Eighth and Fourteenth Amendments to the U.S. Constitution by various prison authorities officially employed as such at Schuylkill County Prison (hereinafter, "SCP") from January 19, 1998, until August 15, 2000. The plaintiff seeks punitive and compensatory damages as to all claims set forth in the complaint as well as a trial by JURY DEMAND.

PARTIES:

Plaintiff Charles E. Brown (hereinafter, Plaintiff), is a United States citizen and resident in the State of Pennsylvania. He is currently incarcerated in the State Correctional Institution at Albion.

-1-

Defendant Warden Gerald Britton is offically employed as Warden of "SCP". He is sued individually and in his official capacity as Warden. As Warden, the defendant maintains general control and supervision of "SCP". Defendant Britton's duties include but are not limited to ensuring that all inmates confined within his facility are properly and adequately fed, housed, secured and cared for within his facility.

Defendant Eugene Berdaniner was officially the "Acting Warden" of "SCP". His duties were the same as Defendant Britton's. He is sued individually and in his official capacity as Acting Warden.

Defendant David J. Kurtz was officially the "Former Warden" of "SCP". His duties were the same as Defendant Berdaniner. He is sued individually and in his official capacity as Former Warden.

## Factual Allegations:

1. Plaintiff was incarcerated in SCP pending the outcome of criminal charges from January 19, 1998 until August 15, 2000.

2. Plaintiff was housed in the Inmate General Population (hereinafter, "GP"), and Segregation during his stay at "SCP".

3. While Plaintiff was in the GP, he was subjected to cruel and unusual punishment and was denied equal protection of the laws in violation of his civil rights guaranteed under both the Eighth and Fourteenth Amendments to the U.S. Constitution since he was forced

-2-

to sleep in a cell with bugs in it, where other inmates routeenly threw feces and urine within said cell at one another and on the GP prison block and prison guards as well as administrative staff acted with deliberate indifference by refusing to have the aforementioned "mess and bugs" properly disposed of. Plaintiff was additionally forced to sleep on an old filthy mattress. Plaintiff filed a grievence with former Warden Defendant David J. Kurtz relating to these matters. No response was forth comming. When Defendant Eugene Berdaniner took over as acting warden, Plaintiff again filed a grievence. No response was forth comming. When Defendant Gerald Britton offically took over as Warden, Plaintiff again attempted in good faith to address these problems by filing yet another grievence with Defendant Britton. It too was deliberately ignored.

4. The inmate dinning tables were and remain directly next to the inmate rest room of which Plaintiff was subjected to the stench of said rest rooms on a daily basis. Plaintiff again filed grievances in relation to this unhealthly situation to <u>All</u> Defendants named herein on three various occasions and all grievances were ignored.

5. The structure of the prison with respect to the foundation itself was not only deplorable but was and remains immently dangerous to wit; the concrete mortor was discinagrating between each crack of each stone. When water spilled from the upper tier, it leaked through the cracks of each stone into cells below. Plaintiff filed grievances regarding this

-3-

MATTER TO ALL DEFENDANTS NAMED HEREIN ON THREE (3) SEPARATE OCCASIONS AND SAID GRIEVANCES WERE IGNORED.

6. THE SHOWERS HAD PAINT PEELING OFF THEIR WALLS, HAD MOLD AND MILDUE FORMING WITHIN OF WHICH ATTRACT WATER-BUGS, AND ONE (1) OF THE SHOWER STALLS WAS ALWAYS BROKEN AND NEVER REPAIRED. NO VENTILLATION EXISTS SINCE ALL OF THE VENTS ARE NEVER CLEANED - THEY ARE CLOGGED WITH FILTH AND DUST. THE EXERCISE YARD CONSISTS OF CRACKED CONCRETE WHICH RESTS ON AN ALKWARD SLANT THAT CREATES FLOODING WITHIN SAID YARD DUE TO INADEQUATE DRAINAGE. THE WALL WHICH SURROUNDS THIS FACILITY IS CHIPPING AWAY WITH MORTOR AND CONCRETE SLABS FALLING FREELY.

7. PLAINTIFF FILED VARIOUS GRIEVANCES RELATING TO _A_ PROBLEMS ON THREE SEPARATE OCCASIONS TO ALL DEFENDANTS NAMED HEREIN. ALL SUCH GRIEVANCES WERE IGNORED. ONE MUST KEEP IN MIND THAT THIS FACILITY REALLY DOESN'T HAVE A LEGITIMATE GRIEVANCE PROCEDURE. SPECIFICALLY, IF ONE DESIRES TO FILE A GRIEVANCE, HE MUST UTILIZE A "_REQUEST SLIP_" FORM. SEE, _PLAINTIFF'S EXHIBIT "A"_, ATTACHED HERETO. ONCE THE COMPLAINTENT WRITE'S UP HIS COMPLAINT, HE MUST HAND SAME TO A GUARD WHO THEN PLACES IT UPON A LEDGE IN THE BLOCK HALLWAY WHERE IT REMAINS UNTIL IT IS PICKED UP BY OTHER PRISON STAFF. IT IS MORE THEN LIKELY "TRASHED" SINCE ALL OF PLAINTIFF'S GRIEVANCES WERE NEVER ADDRESSED, OR, THE DEFENDANT'S SIMPLY SAW SAID GRIEVANCES BUT DIDN'T CARE ABOUT THE DEPRIVATIONS.

-4-

8. On one occasion, Plaintiff's mother had telephoned the jail in order to speak with prison authorities regarding the deplorable conditions aforementioned. She has agreed to testify in open court to this effect.

9. Plaintiff attempted to obtain medical attention due to an injury to his knee he sustained on March 31st, 2000. He was denied medical treatment until twenty-eight (28) days later. It must be emphasized that the injury was sustained in the presence of a guard during the exercise period. Due to the delinquency of medical staff within "SCP" in treating Plaintiff's injured knee, he now requires sugery.

10. Plaintiff was confined in the segregation unit at "SCP" for misconduct reports he recieved while in the GP for fighting and arguing with guards. While there, he was subjected to the very same conditions of confinement while he had in the GP. Again, he attempted in good faith to file grievances to the Defendant's named herein. Again, all of said grievances were ignored.

11. At this present time, Plaintiff wishes to dismiss all other defendants that were named as such in the initial complaint. The <u>ONLY</u> defendants who should remain as same are: <u>Britton, Berdaniner,</u> <u>Kurtz.</u>

12. Due To The Numerous And Substantial Deprivations As Stated Above, Plaintiff Suffered Mental Stress And Anguish, Humiliation, Degradation, Both Psychological And Physical Pain And Suffering Due To The Failure To Have The Defendants Subordinate Medical Staff Treat Plaintiff's Knee Within A Timely Fashion. Plaintiff Suffered Loss Of Sleep And Appatite, Exhibit Repeated Nervousness, Head-Aches And Stomich Cramps All Due To His Conditions Of Confinement.

### First Claim

13. All Defendants Named Herein Are And/Or Were Responsible For The Deplorable Conditions And Lack Of Medical Treatment That Plaintiff Was Subjected To At One Time Or Another Since They Were/Are Supervisors Of This Facility And Knew Of Or Should Have Known About The Deplorable Conditions Aforementioned Since Plaintiff Did File Numerous Grievances On Three (3) Defendants (Former Warden, Acting Warden And The Current Warden) Every Time He Was Subjected To A U.S. Constitution Deprivation. The Defendants Acted With Deliberate Indifference To Plaintiff's Suffering And Conditions Of Confinement In Violation Of His Civil Rights Protected Under The Eighth Amendment To The U.S. Constitution Since His Conditions Of Confinement And Lack Of "Timely" Medical Treatment Amounts To Cruel And Unusual Punishment.

-6-

## SECOND CLAIM

14. All three (3) Defendants named herein violate Plaintiff's civil rights under the Fourteen[th] Amendment to the U.S. Constition since they deni[ed] Plaintiff equal protection of the laws by refusing to respond to the conditions of Plaintiff's confinemen[t] through the grievance's he filed to all three (3) Defendants. They clearly acted with deliberate indifference to the needs of Plaintiff.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully prays this court wi[ll]

(1). Assume jurisdiction in this case;

(2). Award Plaintiff compensatory and punative dama[ges] from each Defendant named herein;

(3). Award Plaintiff costs of this action and reasona[ble] attorney fees;

(4). Reconsider Plaintiff's motion for appointment o[f] counsel to represent him;

(5). Order such other additional relief as this court may deem just and proper.

Respectfully submitted,

_8-20-01_
D A T E D

*Charles Brown*
Charles E. Brown, #EJ-6142
10745, Route 18. SCI-Albion
Albion, Pennsylvania 16475

-7-

## DECLARATION

I, CHARLES E. BROWN, PLAINTIFF, DO HEREBY DECLARE THAT THE STATEMENTS MADE HEREIN ARE TRUE AND CORRECT. I MAKE THIS STATEMENT IN COMPLIANCE WITH 28 U.S.C. §1746

8-20-01
DATED

BY: *(signature)*
CHARLES E. BROWN, EJ-61
10745, RT. 18. SCI-ALBION
ALBION, PA. 16475

## CERTIFICATE OF SERVICE

I, CHARLES E. BROWN, PLAINTIFF CERTIFY THAT I HAVE THIS 20TH DAY OF August, 2001, CAUSED TO BE SERVED A TRUE AND CORRECT COPY OF THE WITHIN BY DEPOSITING SAME IN THE U.S. MAIL, FIRST CLASS, POSTAGE PRE-PAID, AND ADDRESSED TO:

(A) FRANK L. TAMULONIS, JR., ESQUIRE
COUNSEL FOR DEFENDANTS
111 EAST MARKET STREET
P.O. BOX 238
POTTSVILLE, PA. 17901

BY: *(signature)*
CHARLES E. BROWN, EJ-61
10745, RT. 18. SCI-ALBION
ALBION, PA. 16475

PLAINTIFF'S EXHIBIT "A"

FORM DC-135A

SCHUYLKILL COUNTY PRISON 7/29/87
COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER)
2. DATE
3. BY: (INSTITUTIONAL NAME AND NUMBER)
4. COUNSELOR'S NAME
5. WORK ASSIGNMENT
6. QUARTERS ASSIGNMENT
7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

☐ TO DC-14 CAR ONLY            ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER                    DATE