

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COPY

| | | |
|---|---|---|
| CHARLES E. BROWN, | : | Civil Action No. 1:CV-00-1224 |
| Plaintiff | : | Honorable Sylvia H. Rambo |
| vs. | : | |
| GERALD BRITTON, | : | |
| EUGENE BERDANIER, and | : | |
| DAVID J. KURTZ, | : | |
| Defendants | : | |

FILED
SCRANTON

SEP 1 1 2001

PER _____
DEPUTY CLERK

### MEMORANDUM OF LAW OF DEFENDANTS, GERALD BRITTON, EUGENE BERDANIER AND DAVID J. KURTZ, IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO F. R. Civ. P. 12(b)(6) OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Charles E. Brown, a prisoner intermittently incarcerated in the Schuylkill County Prison and currently incarcerated in the Pennsylvania State Correctional System filed the instant Complaint under the Civil Rights Act, 42 U.S.C. § 1983.

Defendants filed a Motion to Dismiss the Complaint or, in the alternative, for Summary Judgment. By Order dated August 6, 2001, plaintiff was granted leave to file an Amended Complaint.

The Amended Complaint (¶ 11) states that plaintiff wishes to dismiss all other defendants that were named as such in the initial Complaint and that the only defendants who should remain are Britton, Berdanier and Kurtz. (Amended Complaint ¶ 11).

In his Amended Complaint, plaintiff alleges a variety of prison condition claims, including:

(a)     Sleeping in a cell with bugs in it.

(b)     Other inmates routinely threw feces and urine.

(c)     Sleeping on a filthy mattress.

(d)     The dining tables were next to the restrooms.

(e)     The structure of the prison was crumbling.

(f)     Paint in the showers were peeling with mold and mildew.

(g)     One of the shower stalls was always broken and never repaired.

(h)     The vents are not clean.

(i)     The concrete is cracked and there is inadequate drainage in the exercise yard.

(j)     The wall which surrounds the prison is chipping away with mortar and concrete slabs falling freely.

Paragraph 7 alleges that plaintiff has purportedly filed grievances as to all problems.  The Amended Complaint attaches a grievance form referenced Request to Staff Member as Exhibit "A".

In addition to prison condition claims, plaintiff alleges in ¶ 9 of the Complaint that he attempted to obtain medical attention due to an injury to the knee sustained an March 31, 2000 and was denied medical treatment until 28 days later.  The medical attention claim is raised for the first time in the Amended Complaint and was not referenced in the original Complaint.

Defendants have filed a Motion to Dismiss the Amended Complaint pursuant to F. R. Civ. P. 12(b)(6) and move, in the alternative, for Summary Judgment predicated upon the following:

(a)     Affidavit of Gerald Britton submitted in support of original Motion of Defendants, County of Schuylkill, et al., to Dismiss the Complaint or, in the alternative, for Summary Judgment.

(b)     Affidavit of Eugene Berdanier submitted in support of original Motion of Defendants, County of Schuylkill, et al., to Dismiss the Complaint or, in the alternative, for Summary Judgment.

(c)     Affidavit of David J. Kurtz submitted in support of original Motion of Defendants, County of Schuylkill, et al., to Dismiss the Complaint or, in the alternative, for Summary Judgment.

(d)     Affidavit of Patricia Hoak, R.N., submitted in support of Motion to Dismiss the Amended Complaint or, in the alternative, for Summary Judgment with attached medical records relating to treatment rendered for plaintiff's March 31, 2000 knee injury.

## II.  *QUESTIONS PRESENTED*

1.     WHETHER THE PRISON CONDITION CLAIMS OF THE AMENDED COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS UNDER 42 U.S.C. § 1997E(E), BY REASON OF PLAINTIFF'S ASSERTION OF ONLY MENTAL ANGUISH AND STRESS IN THE ABSENCE OF ANY ALLEGATION WHATEVER OF A PHYSICAL INJURY.

SUGGESTED ANSWER: YES.

2.     WHETHER THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS UNDER 42 U.S.C. § 1997(E)A, BY

3

REASON OF PLAINTIFF'S FAILURE TO INSTITUTE OR EXHAUST ADMINISTRATIVE GRIEVANCE REMEDIES.

SUGGESTED ANSWER: YES.

3.    WHETHER THE COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS BY REASON OF PLAINTIFF'S RELIANCE UPON A THEORY OF OVERALL RESPONSIBILITY OR *RESPONDEAT SUPERIOR*

SUGGESTED ANSWER: YES.

4.    WHETHER SUMMARY JUDGMENT MUST ENTERED IN FAVOR OF FORMER WARDEN KURTZ WITH REGARD TO ANY ALLEGED CONSTITUTIONAL DEPRIVATION, INCLUDING THE FAILURE TO RENDER TREATMENT FOR A KNEE INJURY WHICH IS ALLEGED TO HAVE OCCURRED ON MARCH 31, 2000 SUBSEQUENT TO WARDEN KURTZ'S RESIGNATION ON APRIL 9, 1999.

SUGGESTED ANSWER: YES.

5.    WHETHER SUMMARY JUDGMENT MUST ENTERED IN FAVOR OF WARDEN GERALD BRITTON AS TO ANY ALLEGED CLAIM OR CAUSE OF ACTION ALLEGED BY THE PLAINTIFF PRIOR TO WARDEN BRITTON'S ASSUMPTION OF DUTIES UPON HIS APPOINTMENT ON JULY 25, 1999.

SUGGESTED ANSWER: YES.

6.    WHETHER THE FAILURE OF THE PLAINTIFF TO DESIGNATE OR DENOMINATE ANY SPECIFIC DATE, OR TIME FRAME FOR THE ALLEGED CONSTITUTIONAL DEPRIVATIONS, DEPRIVES THE DEFENDANTS OF THE ABILITY TO DETERMINE THE APPLICABILITY OF THRESHOLD DEFENSES,

4

INCLUDING THE STATUTE OF LIMITATION AND NON-INVOLVEMENT OF CERTAIN DEFENDANTS REQUIRING AN ORDER GRANTING DEFENDANTS MOTION FOR DEFINITE STATEMENT PURSUANT TO F. R. Civ. P. 12(e).

SUGGESTED ANSWER: YES.


7.    WHETHER SUMMARY JUDGMENT MUST BE ENTERED AS TO ALL NAMED DEFENDANTS WHERE PLAINTIFF'S MEDICAL RECORDS ESTABLISH THAT APPROPRIATE MEDICAL TREATMENT WAS RENDERED FOR A KNEE INJURY SUSTAINED ON APRIL 1, 2000 AND THE MEDICAL RECORDS DO NOT DEMONSTRATE DELIBERATE INDIFFERENCE BY NAMED DEFENDANTS TO A SERIOUS MEDICAL NEED.

SUGGESTED ANSWER: YES.


### III. *STANDARD OF REVIEW*


On a motion to dismiss plaintiffs' Amended Complaint for failure to state a claim on which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations of fact, must construe the Complaint in the light most favorable to plaintiff, and must determine whether, under any reasonable reading of pleadings, plaintiff may be entitled to relief. *Burks v. City of Philadelphia*, 904 F.Supp. 421 (E.D. Pa. 1995). Although the well-pleaded allegations of the Complaint are deemed admitted, mere unsupported conclusions of fact or of mixed fact and law are not deemed admitted. *Violanti v. Emery Worldwide A-C-F Co.*, 847 F. Supp. 1251 (M.D. Pa. 1994). *Northern Trust Co. v. Peters*, 69 F.3d 123 (7th Cir. 1995); *Reeve v. Union Pacific R. Co.*, 790 F.Supp. 1074 (D. Kan. 1992). These principles apply

5

with equal force in a civil rights action. *McGrath v. MacDonald*, 853 F.Supp. 1 (D. Mass. 1994); *Caldwell v. City of Elwood*, 959 F.2d 670 (7th Cir. 1992).

To survive a motion to dismiss for failure to state a claim, the plaintiff cannot rely on bald assertions, unsupported conclusions and opprobrious epithets. *Gilbert v. Essex Group, Inc.*, 930 F.Supp. 683 (D.N.H. 1993).

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must primarily consider allegations contained in the Complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the Complaint may also be taken into account. *Allied Fire & Safety Equipment Co. v. Dick Enterprises, Inc.*, 886 F.Supp. 491 (E.D. Pa. 1995); *Corrigan v. Methodist Hosp.*, 853 F.Supp. 832 (E.D. Pa. 1994).

The remaining defendants have moved, in the alternative, for summary judgment and in support thereof have resubmitted the affidavits of Eugene Berdanier, Deputy Warden, David Kurtz, former Schuylkill County Prison Warden and Gerald Britton, present Schuylkill County Prison Warden.[1]  Under such circumstances, a Motion to Dismiss the Complaint is properly treated as a Motion for Summary Judgment under F. R. Civ. P. 56 where, in order to decide the Motion, the trial court considers documents submitted to support the motion, as well as the pleadings.  Where consideration of materials outside the pleadings is necessary to decide the motion, the Court will generally exercise its discretion to treat the motion as one for summary judgment. *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274 (5th Cir. 1991).

---

[1] The original Affidavits of Eugene Berdanier, David Kurtz, and Gerald Britton were submitted in conjunction with the original Motion to Dismiss of Defendants, Schuylkill County, et al., to dismiss pursuant to F. R. Civ. P. 12(b)(6) or, in the alternative, for Summary Judgment and are resubmitted herewith. In addition, the Affidavit of Patricia Hoak, R.N., with attached medical records of the plaintiff is submitted in conjunction with the new failure to treat allegation of the Amended Complaint.

A motion for summary judgment filed under F. R. Civ. P. 56(c) shall be forthwith rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, shows that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.  Summary judgment is now properly regarded not as a disfavorable procedural shortcut, but rather as a integral part of the federal rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action".  *Celotex v. Cartrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 2d. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d. 202 (1986).  The presence of "a mere scintilla of evidence" in the non movant's favor will not avoid summary judgment.  *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d. Cir. 1989).  Rather, the court will grant summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the non moving party".  *Anderson*, 477 U.S. @ 248, 106 S. Ct. @ 2545. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of his case.  *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d. Cir. 1990).

## IV. *ARGUMENT*

1.    THE AMENDED COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR OF REMAINING DEFENDANTS BY REASON OF PLAINTIFF'S ASSERTION OF ONLY MENTAL ANGUISH OR STRESS AND THE ABSENCE OF ANY ALLEGATION WHATEVER OF PHYSICAL INJURY.

42 U.S.C. § 1997e(e) limiting recovery under the Civil Rights Act specifically provides as follows:

7

"(e)  Limitation on recovery.  No Federal Civil Action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury".

In the instant case, the body of plaintiff's Amended Complaint again fails to alleges any physical injury whatever.  In the original Complaint, plaintiff references a variety of prison condition claims which he alleges have caused him to feel degraded, humiliated, resulting in emotional distress, mental anguish and cruel and unusual punishment.  In his ad dammum clause, plaintiff seeks monetary damages deemed appropriate by the Court and jury for mental anguish, stress and cruelty plaintiff endured not to exceed $200,000.00 nor below $100,000.00.

Plaintiff's Amended Complaint similarly fails to allege any physical injury whatever as a result of the prison condition claims and to the extent the Amended Complaint seeks recovery for mental stress and anguish, humiliation, degradation relative to the prison conditions alleged, the Complaint must be dismissed under 42 U.S.C. § 1997(e).

2.    THE AMENDED COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT ENTERED IN FAVOR OF DEFENDANTS BY REASON OF THE FAILURE TO INSTITUTE OR EXHAUST ADMINISTRATIVE GRIEVANCE REMEDIES.

In suits by prisoners, 42 U.S.C. § 1997e(a) requires the exhaustion of administrative remedies and provides as follows:

"(a)    Applicability of Administrative Remedies.  No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States, 42 U.S.C. 1983, or any other Federal law, by

8

a prisoner confined in any jail, prison or other correctional facility until administrative remedies as are available are exhausted."

The Affidavits of David Kurtz, former Warden, Gerald Britton, current Warden, and Eugene Berdanier, Deputy Warden, establish that at all times material hereto, a grievance procedure was in place at the Schuylkill County Prison and clearly set forth in the Schuylkill County Prison Resident Rules and Regulations distributed to each resident of the prison.

Specifically, the grievance procedure is set forth in detail on Page 6 of the Resident Rules and Regulations and provides as follows:

"9.    COMMUNICATION AND GRIEVANCE PROCEDURE

A.    The following procedures have been established to insure that all inmates have the opportunity for formal communication with members of the Prison Administration.

B.    All communications of an official nature are to be submitted in accordance with the guidelines listed below.

C.    The Prison Administration encourages meaningful communication and will not tolerate communication of an obscene, disrespectful, threatening, frivolous or harassing nature. Such behavior will result in your being written up for a misconduct and/or criminal prosecution where appropriate.

D.    Resolving routine problems: You are directed to follow these steps in resolving routine problems:

a.    consult with the officer supervising your housing unit or work detail.
b.    consult with the Supervisor.
c.    request permission for an Inmate Request Form.

E.    Emergency Communications: Routine procedures are suspended for emergency purposes. In such cases, consult the nearest staff member available.

9

F.  Routine Communications:

Inmate Request Form:  This form alerts the staff member to whom it is directed that you wish to consult him/her on a specific matter.

You are required to state the nature of your request and all relevant information.

The form provides for the staff member's written response which will be forwarded to you in the event an interview with the staff member is not necessary.

G.  Grievance Procedure:  This can be handled by requesting an Inmate Request Form and send it out to the appropriate member of staff.

Note:  Appeals to disciplinary actions must be in writing to the Warden.

This grievance procedure was in effect during the tenure of David J. Kurtz, former Warden, through April 9, 1999, and Eugene Berdanier, acting Warden through July 25, 1999.

The Affidavit of Gerald Britton, current Warden, establishes that upon his appointment, he instituted the following format for the processing of grievances:

(a)  A grievance is submitted in writing on an Inmate Request Form, Inmate Grievance Form or any writing.

(b)  The inmate appears at a hearing before the Shift Lieutenant, Counselor or Deputy Warden.

(c)  The grievance is resolved at hearing and, if not resolved at the satisfaction of the resident, he may appeal directly to the Warden.

A grievance or complaint may be presented to any staff or correctional officer on an "Inmate Request to Staff Member" form, a newly developed Inmate Grievance Form or in any written form.  No specific form or format is required for the submission of a grievance.

The Affidavits of David Kurtz, Eugene Berdanier, and Gerald Britton establish that at no time during their respective tenures, did Mr. Brown submit any grievance, writing, request or any other written or oral communication relative to the prison conditions alleged in the Amended Complaint. A review of Mr. Brown's prison file reveals no submitted grievance or any notification concerning the prison conditions of the allegations as averred in the Complaint.

In the Amended Complaint, the plaintiff averred that grievances were filed relating to all problems on three separate occasions to all defendants named herein. While plaintiff alleges that there is not a legitimate grievance procedure, a copy of a grievance form identified as "Inmate Request to Staff Member" in use at the Schuylkill County Prison is attached to the Complaint as Exhibit "A". In the Amended Complaint, plaintiff now postulated that it is more than "likely" that his grievances were "trashed". Plaintiff, however, has failed to support or document his allegations and the Affidavits of defendants Britton, Berdanier and Kurtz aver that no grievance concerning any of the prison conditions or allegations of the Amended Complaint were received by any individual defendant. The Affidavits of defendants Britton, Berdanier and Kurtz aver that no grievance relative to the prison conditions subject to this action were received or contained in plaintiff's prison file. Former Warden Kurtz and current Warden Britton deny receipt of any contact or communication whatever from the plaintiff relative to the prison conditions allegations of the Amended Complaint.

3.    THE AMENDED COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR OF DEFENDANTS AVERRING ALLEGED CONSTITUTIONAL DEPRIVATIONS PREDICATED UPON A THEORY OF OVERALL RESPONSIBILITY OR *RESPONDEAT SUPERIOR*.

11

The complaint seeks to predicate liability in part upon allegations of "negligence". The United States Supreme Court has definitively held, as a matter of law, that negligence is insufficient to support liability under § 1983 generally or under the due process clause of the Fourteenth Amendment specifically. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed. 2d. 662 (1986). *County of Sacramento v. Lewis*, 523 U.S. 833, 848, 118 S.Ct. 1708, 140 L.Ed. 2d. 1043 (1998), stating that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process". Accordingly, any portion of the Complaint predicated upon allegations of negligence or gross negligence must be dismissed.

In order to state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must show (1) that the person deprived him of a federal right and (2) that the person who deprived him of that right acted under color of state law. *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Under § 1983, the liability of supervisory personnel or administrators may not be predicated upon a theory of respondeat superior. *Ignalls v. Florio* 968, F. Supp. 193, 1997 W.L. 353035 D.N.J. (June 13, 1997) citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d. 611 (1978). Rather, supervisory personnel and administrators may held liable only if they played some personal role in the alleged violation. *Moon v. Dragovich*, 1997 W.L. 18033 (E.D. Pa. April 16, 1997). Such personal involvement may be shown only by demonstrating that a supervisor or administrator "participated in violating (a) a plaintiff's right or that he directed others to violate them or that he, as the person in charge. . .had knowledge of or acquiesced in his subordinate's violation". *Baker v. Monroe Township*, 50 F.3d 1186, 1190-91 (3d. Cir. 1995).

Accordingly, by reason of the absence of any averment of the involvement or knowledge or participation of any specific individual defendant, the Amended Complaint must be dismissed or, in the alternative, Summary Judgment must be entered in favor of

defendants on the ground of plaintiff's failure to establish any basis for supervisory liability, particularly in the light of the averments of the Affidavits averring that none of the named defendants had any contact or communication with plaintiff, Charles E. Brown, at any time or in any manner relative to this prison condition claims asserted in the Amended Complaint.

4.    THE AMENDED COMPLAINT MUST BE DISMISSED OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT MUST BE GRANTED IN FAVOR OF FORMER WARDEN DAVID KURTZ WITH REGARD TO ANY ALLEGED CONSTITUTIONAL DEPRIVATION SUBSEQUENT TO HIS RESIGNATION ON APRIL 9, 1999.

Plaintiff's Amended Complaint refers to no specific time frame when any of the alleged constitutional deprivations have occurred, with the exception of his knee injury allegedly sustained on March 31, 2000.

The Affidavit of David Kurtz, former Warden of Schuylkill County Prison, establishes that he served in the capacity of Warden until his resignation on April 9, 1999. Thereafter, former Warden Kurtz had no knowledge, involvement, participation or responsibility with regard to prison conditions at Schuylkill County Prison generally or with regard to plaintiff specifically. Accordingly, summary judgment must be entered in favor of former Warden David J. Kurtz with regard to any alleged constitutional deprivation subsequent to April 9, 1999, including any allegations of failure to render treatment for a knee injury allegedly sustained on March 31, 2000.

5.    SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR OF WARDEN GERALD BRITTON WITH REGARD TO ANY ALLEGED CLAIM OR CAUSE OF ACTION ASSERTED BY PLAINTIFF PRIOR TO WARDEN BRITTON'S ASSUMPTION OF DUTIES UPON HIS APPOINTMENT ON JULY 25, 1999.

13

Plaintiff's Amended Complaint alleges no time frame relative to the alleged constitutional deprivations involving prison conditions.

Warden Gerald Britton was appointed and initially assumed the responsibilities of Warden of Schuylkill County Prison on July 25, 1999. Accordingly, he had no knowledge, involvement, participation or responsibility for conditions in Schuylkill County Prison generally or with plaintiff specifically prior to that date and, accordingly, summary judgment was entered in its favor as to any alleged constitutional deprivation occurring before July 25, 1999.

6.    THE FAILURE OF PLAINTIFF TO DESIGNATE ANY SPECIFIC TIME, DATE OR TIME FRAME FOR THE ALLEGED CONSTITUTIONAL DEPRIVATION, DEPRIVES DEFENDANTS OF THE ABILITY TO DETERMINE THE APPLICABILITY OF THRESHOLD DEFENSES, INCLUDING THE STATUTE OF LIMITATIONS AND NON-INVOLVEMENT OF CERTAIN DEFENDANTS, REQUIRING THE GRANTING OF DEFENDANT'S ORDER FOR A MORE DEFINITE STATEMENT PURSUANT TO F.R. Civ. P. 12(e).

A review of plaintiff's prison file reveals that plaintiff was initially incarcerated in the Schuylkill County Prison in 1996 through his parole on August 25, 1997 and thereafter, on parole violation.

Except for plaintiff's alleged knee injury of March 31, 2000, the Amended Complaint fails to allege any dates or dates of alleged constitutional deprivation or time frame of the alleged constitutional deprivation thereby depriving defendants of the ability to determine the applicability of threshold defenses, including the statute of limitations and non-involvement of certain defendants.

As previously set forth, former Warden Kurtz served as Warden of Schuylkill County until his resignation on April 9, 1999. Current Warden Britton was appointed and assumed his duties of July 25, 1999. Thus, the failure of the plaintiff to plead time

14

was specificity, prevents defendants from determining the applicability of the defense of the statute of limitations as well as the applicability of the defense of non-involvement.

7.    THE MEDICAL RECORDS OF THE PLAINTIFF ESTABLISH THAT APPROPRIATE TREATMENT WAS RENDERED FOR A KNEE INJURY SUSTAINED ON OR ABOUT APRIL 1, 2000, AND THE MEDICAL RECORDS DO NOT DEMONSTRATE DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED, MANDATING THE SUMMARY JUDGMENT AS TO THE FAILURE TO TREAT CLAIM.

In *Estelle v. Gamble*, the Supreme Court determined that deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 LEd. 2d. 251 (1976). *Farmer v. Brennan*, the Court clarified the state of mind required to show deliberate indifference by holding that a:

> "prison official cannot be found liable under the Eighth Amendment...unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." 512 U.S. 825, 837, 114 SCt. 1970, 1979, 128 LEd. 2d. 811 (1994).

A Prisoner's claims of negligent diagnosis or treatment do not rise to the level of deliberate indifference. *Estelle v. Gamble*, 429 U.S. @ 105-106, 99 S.Ct. 285 (finding that in the medical context, the complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mismanagement under the Eighth Amendment). *Parham v. Johnson*, 126 F.3d. 454, 458 n.7 (3d. Cir. 1997).  Moreover, a doctor's decision not to order specific forms of diagnostic treatment, an x-ray for example, constitutes medical judgment which is not actionable. *Estelle v. Gamble*, 429 U.S. @ 107.  The Third Circuit has stated "where a

prisoner has received some medical attention and the dispute is over the adequacy of the treatment, Federal Courts are generally reluctant to second guess the medical judgment and to constitutionalize claim which is found is State Court law. ***United States ex rel. Walker v. Fayette County Pennsylvania***, 599 F.2d. 573, 575 n.2 (3d. Cir. 1979). A disagreement between the doctor and the plaintiff as to the medical diagnosis and treatment does not constitute deliberate indifference. ***Boring v. Kozakiewicz***, 833 F.2d. 468, 473 (3d. Cir. 1997). In the instant case, plaintiff alleges, for the first time in ¶ 9 of the Amended Complaint that he attempted to obtain medical attention due to an injury sustained to his knee on March 31, 2000 following an injury sustained during exercise. He alleges he was denied treatment until 28 days later purportedly due to the "delinquency of the medical staff within 'SCP' in treating plaintiff's injured knee".

Plaintiff's medical records reveal that on 4/2/00 prisoner claimed he injured his left knee playing basketball with complaints of edema and pain with weight bearing. He was taken to the emergency room of the Pottsville Hospital for evaluation and treatment.

On 4/10/00, the records states that the resident has been bearing weight as tolerated on left leg utilizing crutches for ambulation and elevating left leg with ice as necessary and wearing a knee immobilizer. Examination revealed that the circulation and peripheral pulses were positive. The patient was taking Tylenol as ordered for pain. He was seen by Dr. Narang at which time he became violent and pulled his arm back with a clenched fist during the examination. The resident then stood up and walked out of the examining room against medical advice.

On 4/11/00, plaintiff refused to use crutches. An incident report was prepared. The R.N. advised plaintiff that he would be medically non-compliant if he refused to use crutches and plaintiff stated "I don't care". At that time, plaintiff was ambulatory in the cell block bearing weight without the knee immobilizer.

16

Plaintiff was to be seen by Dr. Narang on 4/17/00 and 4/27/00. Dr. Narang refused to see the patient by reason of his refusal of examination and violent behavior on 4/6/00. Accordingly, arrangements were made on May 1, 2000 for consultation with an orthopedic doctor and six orthopedic doctors were phoned on May 1, 2000. On May 2, 2000, Dr. Michael Dawson agreed to accept plaintiff as a patient and an appointment was scheduled for 5/3/00 at 9:00 a.m. Thereafter, plaintiff remained under the care of an outside orthopedic surgeon, Michael H.O. Dawson, M.D., until his transfer to the State Correctional System.

Thus, contrary to plaintiff's allegations, plaintiff's medical records establish that plaintiff was examined at the Pottsville Hospital Emergency room and thereafter seen and treated by the medical staff at the prison. On April 10, 2000, plaintiff refused an examination and on April 11, 2000 refused to use crutches. By reason of plaintiff's refusal of examination and violent behavior, arrangements were made for plaintiff to be seen by an outside orthopedic surgeon.

Accordingly, the medical records clearly document medical treatment during the period in question. The medical records reveal that plaintiff was provided appropriate treatment including a knee immobilizer, crutches, ice and medication for pain and ultimately treatment by an outside orthopedic surgeon.

The medical records establish only that following the 4/17/00 visit, Warden Britton was made aware that Dr. Narang did not believe that it was necessary for him to see the plaintiff. Deputy Warden Berdanier was made aware on 4/28/00 that Dr. Narang was willing to see him on April 10, 2000, but due to his unwillingness to allow the doctor to examine him and due to his violent action, Dr. Narang was unable to finish the assessment. Thereafter, outside orthopedists were contacted on May 1, 2000 and an appointment was scheduled with Michael H.O. Dawson, M.D., for May 3, 2000.

Accordingly, the medical records clearly establish appropriate treatment and any disagreement by and between plaintiff and Dr. Narang as to medical diagnosis and treatment does not constitute deliberate indifference.

Accordingly, it is respectfully submitted that defendants are entitled to Summary Judgment with regard to plaintiff's allegations of failure to provide medical treatment for a period of 28 days.

## V.  *CONCLUSION*

For the foregoing reasons, it is respectfully submitted that defendant's Motion to Dismiss the Complaint pursuant to F. R. Civ. P. 12(b)(6) or, in the alternative, for Summary Judgment must be granted.

*RESPECTFULLY SUBMITTED,*

*ZIMMERMAN, LIEBERMAN & DERENZO, LLP*

BY: _____

  Frank L. Tamulonis, Jr., Esquire
  Attorneys for Defendants,
  Gerald Britton, et al.

19