IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES E. BROWN,
    Plaintiff,

v.

COUNTY OF SCHUYLKILL, et al.,
    Defendants

CIVIL NO. 1:CV-00-1224

(JUDGE RAMBO)

FILED
HARRISBURG, PA
OCT 1 0 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

OP

The captioned civil rights ac[tion pursuant to 42 U].S.C. § 1983 was initiated by Charles Brown, an inmate cu[rrently confined at th]e State Correctional Institution at Albion, Pennsylvania (SC[I-Albion]). Defendants filed a motion to dismiss the complaint, or, in the alternative, for summary judgment on September 11, 2001, along with a supporting brief. (Docs. 33 and 34.) Although Brown's brief in opposition to defendants' motion to dismiss is now long overdue, he has neither made an appropriate filing nor requested an extension of time in which to do so. Therefore, the motion to dismiss may be deemed unopposed. M.D. Pa. Local Rule 7.6.

Generally, a dispositive motion may not be granted merely because it is unopposed. Local rules of court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure." *Anchorage Assoc. v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990) (the disposition of an unopposed motion ordinarily requires a merits analysis.) The Court of Appeals for the Third Circuit has stated, however, that Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

Brown's failure either to file a brief in opposition to defendant's motion or otherwise to communicate with the court indicates that he may have lost interest in prosecuting this lawsuit especially in light of the fact that it appears plaintiff has failed to exhaust his administrative remedies. Consequently, the court will grant the motion without a merits analysis and dismiss the case under the authority of *Stackhouse* if plaintiff fails to oppose the motion or otherwise communicate with the court within 20 days of the date of this order.

ACCORDINGLY, THIS 10th DAY OF OCTOBER, 2001, IT IS HEREBY ORDERED THAT the plaintiff is directed to file a brief in opposition to defendant's motion within 20 days of the date of this order or the motion will be deemed unopposed and granted without a merits analysis. *See* M.D. Pa. Local Rule 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

                                                          /s/ Sylvia H. Rambo
                                                          SYLVIA H. RAMBO
                                                          United States District Judge

Dated: October 10, 2001.

```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA

                 * * MAILING CERTIFICATE OF CLERK * *


    Re:  1:00-cv-01224    Brown v. County of Schuylkill


    True and correct copies of the attached were mailed by the clerk
    to the following:


         Charles E. Brown, EJ-6142
         SCI-CH
         P.O. Box 200
         Camp Hill, PA  17001

         Frank L. Tamulonis Jr., Esq.
         P.O. Box 238
         Pottsville, PA  17901
```

```
cc:
Judge                         (X)           (X) Pro Se Law Clerk
Magistrate Judge              ( )           ( ) INS
U.S. Marshal                  ( )           ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Standard Order 93-5           ( )
Order to Show Cause           ( ) with Petition attached & mailed certified mail
                                  to:  US Atty Gen  ( )   PA Atty Gen  ( )
                                       DA of County ( )   Respondents  ( )

Bankruptcy Court              ( )
Other_____ ( )
                                              MARY E. D'ANDREA, Clerk


DATE: October 10th, 2001                BY: /s/ Mark Armbruster
                                              Deputy Clerk
```