IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. BROWN, | Civil Action No. 1:CV-00-1224 |
| | Honorable Sylvia H. Rambo |
| Plaintiff | |
| vs. | FILED |
| | SCRANTON |
| GERALD BRITTON, | |
| EUGENE BERDANIER, and | NOV 23 2001 |
| DAVID J. KURTZ, | |
| Defendants | PER _____ DEPUTY CLERK |

### REPLY BRIEF OF DEFENDANTS, GERALD BRITTON, et al., IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, Gerald Britton, et al., submit the following Reply Brief in Response to "Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.Civ.P. Rule 12(b)(6) and Motion to Dismiss Defendants' Motion for Summary Judgment on the Matters", which we construe to be plaintiff's Brief in opposition to defendants' Motion. On behalf of defendants and in support of their Motion, we wish to submit the following concise Reply:

1.  Plaintiff's submission confirms the resignation of defendant-Kurtz as of April 9, 1999, and confirms the appointment of Gerald Britton as Warden as of July 25, 1999. Accordingly, there is no genuine issue of material fact on these questions and former Warden Kurtz is entitled to summary judgment as to all claims occurring subsequent to his resignation on April 9, 1999, and current Warden Britton is entitled to summary judgment on all claims arising prior to his appointment on July 25, 1999.

2. Plaintiff's papers confirm the existence of a grievance procedure but assert that the procedure was, in reality, non-existent, that he did file numerous grievances but all grievances were conveniently lost. Defendants have submitted by way of Affidavits and documentation, a complete description of the grievance procedure and have produced the grievance procedure set forth in the Schuylill County Prison Resident Rules and Regulations and have averred that a review of plaintiff's prison file reveals no grievance relative to prison conditions subject to this action or any allegations as averred in the Complaint were filed. Plaintiff's assertions contained in his motion paper to the contrary, are not adequately and appropriately supported and, therefore, cannot be considered.

3. Plaintiff's Motion papers do not state a cause of action with regard to his prison conditions by reason of the failure to allege or establish a physical injury sustained as a direct or proximate result of the alleged prison conditions as required by 42 U.S.C. § 1997e(e). Plaintiff's Motion papers (¶ 7) purports to assert that plaintiff alleged in the initial Complaint that he sustained an injury that was physically painful and refused adequate medical treatment. This injury relates to an apparent left knee injury sustained by plaintiff while exercising (See Affidavit of Patricia Hoak, R.N., and medical records of the plaintiff attached thereto as Exhibit "A"). Plaintiff seeks to supply the requisite injury by alleging an examination with Dr. Narang characterized as a "Quack Doctor" who deliberately squeezed on several occasions purportedly causing pain and swelling as a result of which plaintiff determined it is better to suffer from his initial pain than to allow the treating physician to aggravate the injury and cause more induced pain. Accordingly, plaintiff fails to allege or establish any physical injury whatever as a result of prison condition claim, thereby mandating dismissal or, in the alternative, summary judgment pursuant to 42 U.S.C. § 1997e(e).

4. Plaintiff's Complaint asserts what appears to be a deliberate indifference claim relative to treatment rendered for a knee injury sustained during exercise on or about April 1, 2000. The medical records of the plaintiff, submitted in conjunction with the Motion by Affidavit, established that appropriate treatment was rendered for the knee injury sustained on or about April 1, 2000, and the medical records do not demonstrate deliberate indifference to serious medical needs, mandating summary judgment as to the failure to treat claim. Plaintiff's Motion papers confirm the above wherein plaintiff acknowledges an examination by Dr. Narang. Following examination by Dr. Narang, plaintiff's Motion papers establish a conscious determination on his behalf to refuse available medical treatment.

5. Plaintiff's medical records establish that following an injury to the left knee while playing basketball, plaintiff was taken to the emergency room of the Pottsville Hospital for evaluation and treatment. He was seen on follow-up on April 10, 2000, with a notation that plaintiff was weight bearing as tolerated utilizing crutches for ambulation and elevating the left leg with ice and wearing a knee immobilizer. At that time, examination revealed that the circulation and peripheral pulses were positive. The patient was taking Tylenol as ordered for pain. The medical records reveal that plaintiff was seen by Dr. Narang, at which time he became violent and pulled back his arm with a clenched fist during the examination. The resident then stood up and walked out of the examining room against medical advice. As of April 11, 2000, plaintiff refused to use crutches. An incident report was prepared. The registered nurse advised plaintiff that he would be medically non-compliant if he refused crutches and plaintiff responded "I don't care". At that time, plaintiff was ambulatory in the cell block weight bearing without knee immobilizers. To the extent plaintiff refused further treatment with Dr.

3

Narang, ultimately, arrangements were made for an appointment and consultation with an outside orthopedic surgeon.

6. Accordingly, the Affidavit of Patricia Hoak, R.N., and medical records attached thereto confirm that plaintiff was provided with emergency room treatment, as well as follow-up treatment, including a knee immobilizer, crutches, ice and medication for pain. Plaintiff's refusal to follow-up with the prison physician does not constitute deliberate indifference of the prison officials. The assertion that Dr. Narang deliberately squeezed plaintiff's knee on several occasions during the examination does not constitute a cause of action for deliberate indifference as to the prison officials and Dr. Narang is not a party to this action.

## SUMMARY

For the foregoing reasons, it is respectfully submitted that plaintiff's Motion papers establish that there is no genuine issue of material fact and that plaintiff has failed to state a claim upon which relief may be granted. Accordingly, it is respectfully submitted that defendant's Motion to Dismiss or, in the alternative, for summary judgment must be granted.

RESPECTFULLY SUBMITTED,

ZIMMERMAN, LIEBERMAN & DERENZO, LLP

BY: _____
Frank L. Tamulonis, Jr., Esquire
Attorneys for Defendants,
Gerald Britton, et al.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. BROWN, | Civil Action No. 1:CV-00-1224 |
| Plaintiff | |
| vs. | |
| GERALD BRITTON, EUGENE BERDANIER, and DAVID J. KURTZ, | |
| Defendants | |

### CERTIFICATE OF SERVICE

AND NOW, this 21st day of November, 2001, I, Frank L. Tamulonis, Jr., Esquire, of the Law Firm of Zimmerman, Lieberman & Derenzo, LLP, attorneys for defendants, County of Schuylkill, et al., certify that I served the within Reply Brief of Defendants, Gerald Britton, et al., in Support of Motion of Defendants to Dismiss the Complaint or, in the Alternative, for Summary Judgment this day by depositing the same in the United States Mail, postage prepaid, at the post office in Pottsville, Pennsylvania, addressed to:

Mr. Charles E. Brown
SCI-Albion
Inmate # EJ-6142
10745, Route 18
Albion, PA   16475-0002

ZIMMERMAN, LIEBERMAN & DERENZO, LLP

By: _____
Frank L. Tamulonis, Jr., Esquire
Attorneys for Defendants,
Gerald Britton, et al.