IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT COURT OF PENNSYLVANIA
HARRISBURG, PA

CHARLES E. BROWN,    PLAINTIFF            CIVIL ACTION

VS.                                        Docket Number: #1:00-CV-1224

GERALD BRITTON, EUGENE BERDANIER, DAVID J. KURTZ,
           DEFENDANTS       :              Honorable Judge Sylvia H. Rambo

**PLAINTIFF'S OBJECTIONS TO THE DEFENDANT' REPLY BRIEF IN SUPPORT OF MOTION
OF DEFENDANTS TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

   AND NOW, comes the Plaintiff, Charles E. Brown, pro se, who respectfully moves this Court to dismiss the Defendants motion to dismiss Plaintiff's Complaint or in the alternative, for Summary Judgment and in support thereof states:

   1. Although the defendants were officially wardens at Schuykill County Prison (hereinafter, SCP), at one time or another, none of the defendants named within the Plaintiff's civil action ever took the liberty of rectifying the deplorable conditions of the facility, nor the policies and/or practices of it's personel, staff, agents, employees and officers. Wherefore, the defendants named are all in fact legitamiately responsibable in their official capacities as such for all of the civil rights violations under the First, Eighth and Fourteenth Amendments to the United States Constitution. In addition, although each defendant named herein resigned at one time or another, NONE of the conditions of confinement changed.

   2. Correctional officers disposed of the Grievences of which the Plaintiff had attempted to lodge relating to the conditions of confinement and the lack of medical treatment of which the Plaintiff was entitled to in an effective fashion. This IS the REASON "why" no official grievances exist for the record.

   3. The Court MUST take into account the fact that the prison had in fact RIOTED on three (3) separate occasions relating to the deplorable conditions of confinement. Plaintiff begs the Court to simply utilize common sence and logic as to this fact - apparently, something was wrong for three (3) separate riots to break out at this facility. It MUST also be emphasized that the defendants NEVER speak of this fact (the riots or what caused said riots) within ANY of their litigations.

-1-

4. With respect to Plaintiff's knee injury, Plaintiff aver's that said injury took place in the prison's exercise yard during his daily exercise period. The yard itself is situated on a slope where loose gravel exists. This was the condition of the yard at that time and more than likely remains so to present. Plaintiff did NOT fail to allege or establish his physical injury as a result of the deplorable yard prison condition. Subsequestly, the treating physician [Doctor Narang] of which remains characterized by Plaintiff as the "Quack Doctor" DID deliberately squeeze Plaintiff's limb on several occasions causing more induced pain and swelling. Plaintiff did utilize his crutches at all times when available.

5. Defendant's contend that during Plaintiff's visit with Dr. Narang aforementioned on one occasion, Plaintiff became "violent" and "pulled back his arm with a clenched fist during the examination". This contention is LUDICROUS for if Plaintiff had reacted by any means violently, he would have been subdued IMMEDIATELY by guards [they were present during the examination] and issued a misconduct report for alleged assaulted behavour.

6. Plaintiff also contends that he was housed within said prison [prison records shall reflect this] on the "top-tier" for two (2) weeks while he was on crutches. It was ALL of th[ese] idiotic practices and policies i.e., a non-existant grievance system, wardens rotating as such) who didn't care about their facility and what took place inside, a quack doctor who obviously didn't give a damn about how he physically handeled his patients during exams because the patients in question were nothing more than inmates, that Plaintiff realized it was useless attempting any further in good faith to deal with any prison staff on their level since once again, all prison staff were acting in concert in a "bureaucratic" fashion. The only thing that these prison authorities really cared about was "PERSONAL JOB SECURITY/INCOME".

7. Plaintiff contends that after 10 April 2000, Dr. Narang REFUSED to examine the Plaintiff. Plaintiff was taken to an outside medical specialist i.e., Doctor Dalson. Because Dr. Narang refused to see Plaintiff much less properly & adequately treat Plaintiff, Plaintiff was treated by Dr. Dalson. However, ALL of Dr. Dalson's medical orders were DELIBERATELY IGNORED thus infringed upon by prison officials and/or medical staff.

8. Plaintiff challanges the Defendants to present the medical bills and/or orders from Dr. Dalson for Plaintiffs treatment in relation to "sessions (9) of P.T. & knee surgery"

-2-

to this Honorable Court. The medical bills and/or orders speak for themselves. Plaintiff contends that IF they do, Plaintiff will seriously entertain the option of dismissing his present civil action.

WHEREFORE, Charles E. Brown, Plaintiff pro se, respectfully moves this Court to DENY Defendants motion for summary judgment and/or to DENY the Defendants motion to dismiss Plaintiff's civil action complaint.

Respectfully Submitted,

12-5-01
D A T E D

*Charles Brown*
Charles E. Brown, #EJ6142
10745, Route 18 SCI-Albion
Albion, Pennsylvania 16475-0002

-3-

## VERIFICATION

I, Charles E. Brown, plaintiff pro se, do hereby swear that the statments made herein are true and correct. I make this statement in compliance with 28 USC #1746.

```
12-5-01                                   By: Charles Brown
D A T E D                                 Charles E. Brown, #EJ-6142
                                          10745, Route 18 SCI-Albion
                                          Albion, Pennsylvania 16475-0002
```

*       *       *       *       *       *       *       *

## CERTIFICATE OF SERVICE

I Charles E. Brown, plaintiff pro se, do hereby certify that I have this 5th day of December, 2001, caused to be served a true and correct copy of the within by depositing same in the U.S. Mail, postage pre-paid, first class, and addressed to:

(a) Frank L. Tamulonis, Jr. Esquire
    111 East Market Street
    Post Office Box 238
    Pottsville, Pennsylvania  17901


                                          By: Charles Brown
                                          Charles E. Brown, #EJ-6142
                                          10745, Route 18 SCI-Albion
                                          Albion, Pennsylvania 16475-0002