(44)

12-13-01

MA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES E. BROWN,** | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-00-1224** |
| | : | |
| **v.** | : | **(JUDGE RAMBO)** |
| | : | **FILED** |
| | : | HARRISBURG, PA |
| **COUNTY OF SCHUYLKILL,** *et al.*, | : | DEC 12 2001 |
| **Defendants** | : | |

MARY E. D'ANDREA, CLERK

Per _____

Deputy Clerk

**MEMORANDUM AND ORDER**

## I. Background

On July 10, 2000, Plaintiff Charles Brown, an inmate currently incarcerated

at the State Correctional Institution at Albion, filed a *pro se* civil rights action

pursuant to 42 U.S.C. § 1983 regarding prison conditions while he was intermittently

incarcerated in the Schuylkill County Prison in Pennsylvania. (Doc. 1, Complaint.)

Plaintiff filed an amended complaint on August 22, 2001 naming as Defendants

Gerald Britton, Eugene Berdanier, and David Kurtz.[1]

The complaint is accompanied by an application to proceed *in forma*

*pauperis*. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110

---

1.    Plaintiff states in ¶ 11 of his amended complaint (Doc. 32) that he wishes to dismiss all other
named defendants from his initial complaint including the County of Schuylkill, Schuylkill County
Prison Board Members, Schuylkill County Prison, Forrest L. Shadle, Jerome P. Knowles, Stanley
Tobash, Anthony Kankowski, and William Baldwin. Defendants, as part of their motion to dismiss
(Doc. 33), moved for dismissal of those defendants because no claim or cause of action against them
is set forth in the amended complaint. The above named defendants will be dismissed from the
complaint.

Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed *in forma pauperis* under 28 U.S.C. § 1915, *e.g.*, the full filing fee ultimately must be paid (at least in a non-habeas suit).[2]

The amended complaint sets forth a laundry list of prison conditions claims for which Plaintiff alleges he suffered mental distress, anguish, humiliation, degradation, psychological pain and suffering. Brown also alleges a claim for lack of medical treatment arising from an injury sustained on March 31, 2000. Plaintiff states he filed a total of three grievances regarding all of the issues raised in his amended complaint but that all grievances were ignored by the Defendants. (Doc. 32, ¶ 7.)

Defendants filed a motion to dismiss or, in the alternative, for summary judgment on September 11, 2001. Defendants raise several alternative grounds as to why the amended complaint should be dismissed including failure to exhaust administrative remedies and Plaintiff is solely relying upon a theory of *respondeat superior* as to the remaining Defendants.

---

2.    The plaintiff completed this court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The court then issued an administrative order directing the warden to commence deducting the full filing fee from plaintiff's prison trust fund account.

Brown's complaint concerns prison conditions, and based on his own admissions, he has failed to establish that he has exhausted his administrative remedies. Accordingly, dismissal of the complaint for failure to exhaust available remedies is warranted.

## II. Discussion

### A. Standard of Review

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). It is additionally well-settled that *pro se* complaints should be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the

complaint and all reasonable inferences that can be drawn from them." *Markowitz v.*

*Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990); *Independent Enters., Inc. v.*

*Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1168 (3d Cir. 1997). This court will

now discuss Defendants' motion in light of the standards set forth above and Rule

12(b)(6) of the Federal Rules of Civil Procedure.

### B. Exhaustion

The PLRA provides that "no action shall be brought with respect to prior

conditions under . . . any . . . Federal law, by a prisoner confined in any . . .

correctional facility until such administrative remedies as are available are

exhausted." In *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000), the Third Circuit held

that this provision is mandatory whether or not the administrative remedies afford the

inmate-plaintiff the relief sought in the federal court action. The United States

Supreme Court, in *Booth v. Churner*, 121 S.Ct. 1819 (2001), held that the PLRA

"requires administrative exhaustion even where grievance process does not permit

award of money damages and prisoner seeks only money damages, as long as

grievance tribunal has authority to take some responsive action." *See also Irwin v.*

*Hawk*, 40 F.3d 347, 348 (11th Cir. 1994) ("When Congress prescribes an

administrative remedy, application of the exhaustion requirement is not a matter of

judicial discretion."). Thus, prisoners are required to exhaust available administrative

4

remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law.

The grievance procedure at the Schuylkill County Prison is set forth in its Prison Resident Rules and Regulations. Prior to Defendant Britton becoming warden, regulations stated that grievances can be handled by requesting an inmate request form and sending it to the appropriate member of staff. The policy was revised and stated that a grievance is submitted in writing on an inmate request form, inmate grievance form or any writing. After submitting any writing, the inmate appears at a hearing before the shift lieutenant, counselor, or deputy warden. The grievance is resolved at the hearing and, if not resolved at the satisfaction of the resident, he may appeal directly to the warden.

Plaintiff alleges that his grievances in all likelihood were trashed by the Defendants. Plaintiff, however, fails to support or document his allegations that he submitted a grievance to each of the named Defendants at the time they were the wardens at Schuylkill County Prison. Without any support or documentation, any prisoner could simply bypass the exhaustion requirement by alleging his grievance was "trashed." *See Buckner v. Bussanich*, No. 1:CV-00-1594, *slip op.* (M.D. Pa., Apr. 3, 2001) (Further, an administrative remedy is not made unavailable simply because a prisoner failed to timely exercise his rights under the procedure.

Otherwise, the prisoner could avoid the exhaustion requirement simply by refusing to pursue administrative remedies).

In light of Brown's failure to comply with § 1997e(a), Defendants' motion to dismiss will be granted and the complaint will be dismissed in its entirety.

## C. *Respondeat Superior*

Claims brought under § 1983 cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acqui-escence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

An application of the above standards to Brown's amended complaint clearly shows that he has failed to set forth a cognizable claim against Defendants. Plaintiff's

6

complaint does not state with appropriate particularity any personal knowledge or

acquiescence on their part.  Thus, since it is apparent that Plaintiff is attempting to

establish liability against Defendants solely on the basis of their supervisory capacity,

they are likewise entitled to an entry of dismissal on that ground.

## III.  Conclusion

Because Plaintiff has failed to exhaust his administrative remedies, his

complaint will be dismissed pursuant to 42 U.S.C. § 1997(e)(a).  Even if Plaintiff had

successfully demonstrated exhaustion, the complaint would be dismissed because

Brown relies solely upon a theory of *respondeat superior* as to the remaining

Defendants.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.  Defendants' motion to dismiss (Doc. 33) is **GRANTED**.

2.  The amended complaint (Doc. 32) is **DISMISSED** pursuant to 42 U.S.C.

§ 1997e(a) for failure to exhaust administrative remedies.[3]

3.  Defendants County of Schuylkill, Schuylkill County Prison Board

Members, Schuylkill County Prison, Forrest L. Shadle, Jerome P. Knowles, Stanley

Tobash, Anthony Kankowski, and William Baldwin, who were named in the original

---

3.    The dismissal of this action does not relieve plaintiff of the obligation to pay the full filing fee.
Until the filing fee is paid in full, the Administrative Order previously issued is binding on the
superintendent of SCI-Albion, as well as the warden or superintendent of any correctional facility to
which Brown is transferred.

complaint (Doc. 1) are dismissed since no claim or cause of action was set forth in the amended complaint as to those defendants.

4. Plaintiff's motion to dismiss defendants' motion to dismiss (Doc. 41) is construed to be his opposing brief which was filed in response to this court's *Stackhouse* order (Doc. 40) and was taken into consideration by the court. For clerical purposes, plaintiff's motion is **DENIED**.

5. The Clerk of Court is directed to close this case.

6. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

SYLVIA RAMBO
United States District Judge

Dated:   December  12 , 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

Re:  1:00-cv-01224    Brown v. County of Schuylkill

True and correct copies of the attached were mailed by the clerk
to the following:

    Charles E. Brown EJ6142
    SCI-CH
    P.O. Box 200
    Camp Hill, PA  17001

    Frank L. Tamulonis Jr., Esq.
    111 E. Market St.
    Pottsville, PA  17901

cc:
Judge                    (X )              ( ) Pro Se Law Clerk
Magistrate Judge         ( )               ( ) INS
U.S. Marshal             ( )               ( ) Jury Clerk
Probation                ( )
U.S. Attorney            ( )
Atty. for Deft.          ( )
Defendant                ( )
Warden                   ( )
Bureau of Prisons        ( )
Ct Reporter              ( )
Ctroom Deputy            ( )
Orig-Security            (X )
Other_____    ( )

MARY E. D'ANDREA, Clerk

DATE: December 12th, 2001          BY: _____
                                        Deputy Clerk